**ROBERTS, Appellee,**

v.

**PAYTON, Appellant.**

[Cite as *Roberts v. Payton* (1995), 105 Ohio App.3d 597.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5126.

Decided Aug. 7, 1995.

*Michael E. Grove,* for appellee.
*James A. Vitullo,* for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar appeal, taken from a final judgment of the Girard Municipal Court, Small Claims Division. Appellant, Ray Payton, seeks the reversal of the trial court's decision finding him liable to appellee, David Roberts, for the sum of $1,163.25.

Appellant is an automobile mechanic, doing business as High Tech Automotive in Hubbard, Ohio. In June 1993, he performed certain services on the transmission of appellee's 1991 Mercury Sable. Approximately two months later, appellee brought the vehicle back to appellant, claiming that the transmission was again not functioning properly. However, even though appellant had given appellee a ninety-day warranty on the prior work, he refused to make any further repairs. As a result, appellee had to have the vehicle repaired at a different garage.

In December 1993, appellee initiated the instant action by filing a small claims complaint against appellant. In his complaint, appellee essentially alleged that appellant had failed to perform the original work in a proper manner. For relief, he sought the sum of $2,000.

The action was initially tried before a court referee. Based upon certain evidence presented by appellee, the referee found in his report that, when appellant had made the original repairs, he had failed to use the correct transmission parts. Accordingly, the referee recommended that judgment be entered in favor of appellee for the sum of $2,000.

On the same date that the referee's report was issued, the trial court rendered a judgment consistent with the referee's recommendation. When appellant subsequently filed timely objections to the report, the trial court vacated the judgment and held a separate evidentiary hearing on the matter. See Civ.R. 53(E)(7).

Following the hearing, the trial court issued a new judgment in favor of appellee. As part of this judgment, the court expressly found that the proximate cause of the damage to the vehicle transmission had been appellant's failure to properly "torque" certain bolts. As to the issue of damages, the court further found that appellee had failed to mitigate his damages. As a result, the court held that appellee was only entitled to $1,163.25, instead of $2,000.

In appealing from this judgment, appellant has raised one assignment of error for consideration. Under this assignment, he contends that the trial court's finding as to the cause of the damages to the transmission was against the manifest weight of the evidence. For the following reasons, this court concludes that the merits of this argument cannot be addressed in this appeal.

Our review of the record indicates that, in objecting to the report of the referee, appellant raised two evidentiary questions. However, in doing so, appellant did not submit a transcript of the hearing before the referee, or an affidavit concerning the nature of evidence presented to the referee. See Civ.R. 53(E)(6). Accordingly, the trial court's factual determination as to the proximate cause of the damages to the vehicle's transmission was based solely upon the referee's report and the evidence which was presented directly to the trial court.

In relation to this point, this court notes that in its judgment entry, the trial court stated that its decision was based in part upon its independent analysis of the referee's report. When an objecting party fails to submit to the trial court the necessary affidavit or transcript of the referee's hearing, the scope of a trial court's review of the factual findings in a report is limited to determining whether those findings are sufficient to support the referee's ultimate factual findings and the conclusions of law. See *Welsch v. Mariano* (Nov. 10, 1994), Trumbull App. No. 94–T–5062, unreported, at 4, 1994 WL 660864.

. In other words, in the absence of a transcript or affidavit, the trial court's "analysis" of the report could not have included a determination as to whether the evidence presented to the referee supported the referee's findings of fact.

Further, given that the trial court's finding as to the proximate cause issue was partially based upon the evidence it heard in its own separate hearing, the scope of an appellate court's review must include a transcript of that hearing. However, we are unable to review the evidence presented at that hearing of the trial court because appellant has failed to file a transcript of that particular hearing as part of the appellate record.

App.R. 9(B) states that if an appellant intends to argue on appeal that a trial court's factual finding is against the manifest weight of the evidence, he must ensure that a transcript of all relevant evidence is included with the record. This obligation is placed upon the appellant because he has the burden of demonstrating the alleged error by reference to the record. See *Schialdone v. Schialdone* (Dec. 16, 1994), Trumbull App. No. 93–T–5007, unreported, at 6, 1994 WL 721621, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. When the appellant fails to satisfy this obligation, an appellate court must presume that the evidence supported the trial court's findings. *Dragojevic–Wiczen v. Wiczen* (1995), 101 Ohio App.3d 152, 155–156, 655 N.E.2d 222, 224–225.

In his brief on appeal, appellant contends that no "official record" of the evidentiary hearing was kept. Under such circumstances, appellant should have submitted a statement of the evidence, pursuant to App.R. 9(C). Again, in the absence of such a statement, this court must presume that the evidence supported the trial court's findings.

Since appellant cannot demonstrate that the judgment in this case was against the manifest weight of the evidence, his sole assignment of error lacks merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.