This case is before our court a second time on the issue of attorney fees awarded to Plaintiff/Appellee, Mary Fox. In our previous opinion, we found the trial court erred in failing to set forth the findings required by R.C. 3105.18(H) for an award of attorney fees. See, Fox v. Fox (May 16, 1997), Greene App. No. 96-CA-51, unreported. After remand, a hearing was held before a magistrate and attorney fees in the amount of $2,500.00 were awarded to Mary Fox. From this judgment, Paul Fox appeals, raising the following single assignment of error:
 I. The trial court erred and abused its discretion when it awarded attorneys fees and court costs to Plaintiff-Appellee.
Upon consideration of Mr. Fox's assignment of error, we find it without merit and affirm the judgment of the trial court. Our reasons for doing so are set forth below.
 I
In reviewing awards for attorney fees, we apply the standard that such awards are "within the sound discretion of the trial court * * * [and] may not be reversed absent a clear abuse of discretion." Layne v. Layne (1992), 83 Ohio App.3d 559, 568
(citation omitted). An abuse of discretion means that the trial court's "attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (citations omitted).
Although Mr. Fox does not specifically cite the abuse of discretion standard in his brief, he appears to argue that the trial court's decision was arbitrary or unreasonable based on the following facts: 1) the divorce was not as "simple" as Mrs. Fox's counsel claimed; 2) Mr. Fox was entitled to take all relevant actions to protect his interests; 3) the Magistrate failed to take into consideration evidence showing that Mr. Fox's monthly expenses exceed his income; and 4) the fee amount originally envisioned by Mrs. Fox's attorney as sufficient, i.e., $575.00, represents only four hours of work, which would not have resulted in resolution of even a "simple" divorce.
In analyzing the trial court's decision, our first point of reference would normally be the transcript from the hearing held on attorney fees. However, Mr. Fox has failed to file the transcript. The law is settled that the appellant has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision. See, App. R.9(B), and State v. Gray (1993), 85 Ohio App.3d 165, 170, motion for leave to appeal overruled, 67 Ohio St.3d 1408. Furthermore, failure to file the transcript prevents an appellate court from reviewing the appellant's assignments of error. See, e.g.,Roberts v. Payton (1995), 105 Ohio App.3d 597, 600.
In the present case, after remand, both sides filed memoranda concerning attorney fees, and a hearing was also held on July 7, 1997, at which time testimony was taken. Mrs. Fox's memorandum included a statement of hours expended by her attorney through November 11, 1996, at an hourly rate of $150.00 per hour. Mr. Fox's memorandum listed various income and expenses, and showed that his expenses exceeded his monthly income by approximately $3,800.00 per month. Mr. Fox's assets were also listed at approximately $217,000.00, although he claimed his debts equaled his assets.
In the magistrate's Decision and Entry, which was adopted by the trial court on July 14, 1997, the magistrate found that Mr. Fox had the ability to pay attorney fees based on his assets and past earning history. Specifically, the magistrate stated that while Mr. Fox was well-educated and young enough to obtain employment, Fox had instead chosen to do pro bono work at the expense of paid employment. As a result, the magistrate concluded that Mr. Fox was underemployed. An additional item relied on by the magistrate was Mr. Fox's stipulation at the hearing as to the reasonableness of the hourly rate and amount of the attorney fees.
Further, the magistrate also stated that all the remaining factors in Swanson v. Swanson (1976), 48 Ohio App.2d 85 had been considered, and that all of the factors had either been stipulated by Fox at the hearing or were not a factor in the case. This was in direct response to our recitation of Swanson in our previous appellate opinion, on the subject of the reasonableness of attorney fees. Finally, the magistrate found that what should have been a simple divorce had been drawn out and complicated by the actions of Mr. Fox. Consequently, the Magistrate recommended that Mrs. Fox be awarded the full sum of $2,500.00 for attorney fees, which represented the $3,075.00 earned by Mrs. Fox's attorney through November 11, 1996, minus $575.00, which was the amount Mrs. Fox's attorney had originally told her the divorce should cost.
As was noted, the trial judge adopted the magistrate's report on July 14, 1997. However, Mr. Fox did not file any objections to the report, but instead filed a notice of appeal.
Concerning an award of attorney fees in divorces, R.C.3105.18(H) allows a trial court to award reasonable attorney fees, "if it determines that the other party has the ability to pay the attorney's fees that the court awards." In addition to this finding, the court is also required when deciding whether to award attorney fees, to "determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees." With respect to the first part of the statutory mandate, the trial court found that Mr. Fox did have the ability to pay fees because he was underemployed. Since this determination arose as a result of the evidentiary hearing, and no transcript of that hearing has been filed, we are required to accept the factual findings of the magistrate. Parenthetically, we note that "a party's `ability to pay' reasonable court-ordered attorney fees encompasses more than the party's current income flow or credit limitations." Oatey v. Oatey (1992), 83 Ohio App.3d 251,265. Thus, in Oatey, the court found that ability to pay attorney fees could include court-ordered asset sales. Therefore, even if the trial court had not found Mr. Fox to be underemployed, the court still could have awarded attorney fees based on factors other than current income flow, such as Mr. Fox's substantial IRA account and ownership of real estate.
Next, concerning the second determination under R.C.3105.18(H), the magistrate found Mrs. Fox would not be able to adequately protect her interests in the absence of an award of attorney fees because additional fees were incurred due to Mr. Fox's actions. Specifically, simple matters were drawn out and delayed by Mr. Fox. Again, we are not privy to the transcript and do not know all that the magistrate considered. However, even the part of the record we do have before us supports the magistrate's finding on this point. In particular, we note that on June 13, 1996, in her reply to Mr. Fox's counterclaim, Mrs. Fox made the following concession:
 Plaintiff * * * accepts the terms of settlement previously offered by Defendant in his written communication of 4/30/96, and in the spirit of a confession of judgment, demands attorney fees for all additional litigation instigated by Defendant if said litigation is found to be instigated primarily by Defendant's desire to harass and aggravate Plaintiff through frivolous litigation and capricious allegations that are not supported by law.
Despite receiving this offer to settle on terms proposed by Mr. Fox, Mr. Fox continued to press forward, filing numerous motions and forcing a contested divorce hearing that consumed substantial attorney time. Under the circumstances, and in the absence of any evidence to the contrary, we find no abuse of discretion in the finding that additional attorney fees were incurred as a result of Mr. Fox's actions. We also note that no attorney fees were requested for defending the original appeal or the proceedings on remand. Rather, the fees were confined to a limited time period.
Finally, we note that Mr. Fox has attached several exhibits to his brief, in an attempt to show that the divorce was not "simple" and that he had legitimate concerns. These documents are not appropriate for our consideration, as they are not part of the record below. See, e.g., Jones v. Multi-Color Corp. (1995),108 Ohio App.3d 388, 400, n. 2, discretionary appeal not allowed (1996), 76 Ohio St.3d 1405.
Based on the foregoing discussion, Appellant's single assignment of error is overruled and the judgment of the trial court is affirmed.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
Carl Anthony Cramer
Paul Fox
Hon. Judson Shattuck