JOURNAL ENTRY AND OPINION
Defendant-appellant, Michael Sobe ("appellant"), appeals the decision rendered in the Cuyahoga County Court of Common Pleas, Juvenile Division, which ordered him to pay child support arrearages and attorney's fees to plaintiff-appellee, Tracy M. Szitasi ("appellee"), arising from an action in which paternity was established for appellee's daughter, Alyssa, who was born January 6, 1997. For the reasons stated below, we affirm in part and remand.
On April 3, 1997, appellee commenced a complaint in Cuyahoga County Juvenile Court seeking to establish parent-child relationship between appellant and Alyssa. On July 10, hearing was held at which genetic testing was scheduled for July 31, 1997. The results of the genetic test determined a greater than ninety-nine percent probability that appellant was the father of Alyssa. Additionally, appellee sought discovery as to appellant's financial information for preparation of child support information pursuant to the guidelines. On December 30, 1997, the parties signed an agreed judgment entry by which appellant acknowledged paternity of Alyssa and his current support obligations were established. The agreed judgment was journalized by the court on March 24, 1998.
On April 29, 1998, appellee moved the court to require appellant to show cause why he should not be held in contempt for his failure to comply with the December 30, 1997 agreed child support order and moved for attorney's fees. On June 3, 1998 the matter came on for hearing before a magistrate. As relative to this appeal, the magistrate, in a corrected decision entered June 10, 1998, found based upon the stipulated facts and evidence that appellant was in contempt and was in child support arrears due mother from January 6, 1997 through January 6, 1998 in the amount of $6,586.80 and from January 6, 1998 through April 6, 1998 in the amount of $2,195.60. The magistrate further found that subject to the approval of the court, the arrearage was to be paid in an amount of $51 per month plus two percent poundage. Moreover, the magistrate determined appellee was entitled to attorney's fees of $810 after his consideration of R.C. 3113.219 (B)(2) and "all other factors," and upon review of the "Detailed Slip Listing" of appellee's attorney's charges after January 6, 1998. Each party filed objections to the magistrate's decision on June 19. Appellant's partial objections challenged the magistrate's contempt finding and the award of attorney's fees to appellee. Appellee objected to the magistrate's determination of the rate of repayment of appellant's arrearage and to the award of only part of her attorney's fees claiming the magistrate's determination violated the mandates of both R.C. 3113.219 (B) and 3113.13 (F)(1).
On October 9, 1998 the trial court entered judgment in which it "sustain[ed] the objections," disapproved the magistrate's decision, ordered appellant to pay his support arrearage in the sum of $250 per month and awarded attorney's fees of $6,202.50 to appellee. From this order appellant brings this appeal and advances three assignments of error for our review.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN THE UNREASONABLE AMOUNT OF ATTORNEY'S FEES IT AWARDED TO PLAINTIFF BASED ON THE FACTS OF THE CASE.
 II. THE COURT ERRED, AS A MATTER OF LAW, IN AWARDING ATTORNEY FEES WHEN SZITASI HAD AVAILABLE TO HER, AT NO COST, THE SERVICES OF THE CUYAHOGA COUNTY PROSECUTOR'S OFFICE TO PERFORM ALL FUNCTIONS THAT WERE PROVIDED BY PRIVATE COUNSEL.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING SOBE TO PAY THE EXCESSIVE AMOUNT OF $250.00 PER MONTH TOWARD ARREARAGES, IN ADDITION TO CURRENT SUPPORT, WHEN THERE WAS NO FINDING OF AN ARREARAGE OWED.
In his first assignment of error, appellant contends that the amount of attorney's fees awarded to appellee was unreasonable. Specifically, appellant contends the trial court abused its discretion by failing to give consideration to the "reasonableness" of the awarded fees. Appellee submits that appellant's failure to cooperate on simple and straight forward issues in this case made her submitted fees "reasonable." Upon review of the complete record before us, we find no abuse of the trial court's discretion to the extent that the court awarded attorney's fees made pursuant to R.C. 3113.219 (B) and affirm.
R.C. 3113.219 authorizes a court to award attorney's fees in actions relating to support and states in relevant part:
 (B) On or after July 1, 1992, when a court issues or modifies a support order under Chapter 3115. or section 2151.23, 2151.231
[2151.23.1], 2151.33, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3109.19, 3111.13, 3113.04, 3113.07, 3113.216
[3113.21.6], or 3113.31 of the Revised Code or in any proceeding in which a court determines the amount of support to be paid pursuant to a support order, the court may include in the support order a statement ordering either party to pay the costs of the action, including, but not limited to, attorney's fees, fees for genetic tests in contested actions under sections 3111.01 to 3111.19 of the Revised Code, and court costs.
This case is a paternity case brought pursuant to Chapter 3111 of the Revised Code. Thus, the court has statutory authority to award attorney's fees in a paternity action. See Kuba v. Compola (Aug. 17, 1995), Cuyahoga App. No. 67657, unreported.
For the award of attorneys fees, appellee further relies upon R.C. 3111.13 (F)(1), which provides in pertinent part that:
 *** If any person required to pay child support under an order made under this section on or after April 15, 1985, or modified on or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.
However, in this case, the magistrate's decision which found appellant to be in contempt was expressly disapproved by the court. Thus, here, appellee's reliance on R.C. 3111.13 (F)(1) as authority for the imposition of attorney's fees is misplaced.
Therefore, we shall only consider whether the trial court properly awarded attorney's fees to appellee pursuant to R.C.3113.219 (B). An award of attorney's fees is a matter within the sound discretion of the trial court. Layne v. Layne (1992),83 Ohio App.3d 559, 568, 615 N.E.2d 332. Thus, an award for attorneys fees will not be overturned on appeal absent an abuse of discretion. Motorists Mutual Ins. Co. v. Bradenburg (1995),72 Ohio St.3d 157, 160. A reviewing court will not disturb the judgment unless it reflects an arbitrary, unreasonable or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
As a general rule, the reasonableness of the value of attorney's fees ordinarily must by proven by competent, credible evidence and is not a proper matter for judicial notice. Gioffrev. Simakis (1991), 72 Ohio App.3d 424, 428. An exception to this general rule exists where the value of the services is so obviously reasonable that it may be determined as a matter of law. Frey v.Stegall (May 2, 1994), Athens App. No. 1568, unreported. However, absent such special circumstance, the determination of the reasonableness of attorney's fees is within the discretion of the trial court. Meacham v. Miller (1992), 79 Ohio App.3d 35.
The trial court must make a factual determination with regard to the reasonableness of the fees charged. Nelson v. Nimylowycz
(July 13, 1995). Cuyahoga App. No. 67901, unreported; McCoy v. McCoy (1993), 91 Ohio App.3d 570, 584. To determine reasonableness, the court may look to the guidelines set forth in DR 2-106 (B). The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in a particular case. See In re Wood (1977), 55 Ohio App.2d 67,73-74. The trial court has the discretion to determine the amount of a fee award due to its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters. Board of Educ.Austintown Sch. Dist. v. Mahoning C. (Dec. 18, 1998), Mahoning App. No. 95 CA 106, unreported; citing Hensley v. Eckerhart (1983),461 U.S. 424 at 437.
In analyzing the trial court's decision, our first point of reference would normally be the transcript from the hearing held on attorney's fees. However, appellant has failed to file the transcript. The law is settled that the appellant has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision. See App.R. 9 (B), and State v. Gray (1993), 85 Ohio App.3d 165, 170,619 N.E.2d 460, motion for leave to appeal overruled, 67 Ohio St.3d 1408, 615 N.E.2d 1043 [651 N.E.2d 1043]. Furthermore, failure to file the transcript prevents an appellate court from reviewing the appellant's assignments of error. See Roberts v. Payton (1995), 105 Ohio App.3d 597,600, 664 N.E.2d 978.
The record demonstrates that fee bills were submitted to substantiate the attorney's fees generated by appellee during the course of the underlying litigation. Thus, from the record before us, to the extent that the attorney's fees awarded by the court were generated from the litigation which determined the amount of support to be paid pursuant to a support order arising from the paternity action, we find competent and credible evidence in the record supports the award and appellant has not shown that the decision of the trial court was arbitrary, unreasonable or unconscionable. However, to the extent that attorney's fees arose from the work related to the contempt charge, such fees may not, without a finding of contempt, be levied against appellant. Accordingly, the matter of the amount of attorney's fees is remanded to the trial court for the calculation of the proper amount to be assessed pursuant to R.C. 3113.219 (B).
In his second assignment of error, appellant complains that the trial court erred in awarding attorney's fees because appellee could have had the services provided by the prosecuting attorney at no charge. Specifically, appellant contends that Ohio Administrative Code Chapter 5105:1-29 provides that appellee could have obtained the services of the prosecuting attorney in an effort to establish child support. We find appellant's contention to be without merit.
The record demonstrates that appellee was unsuccessful in resolving the paternity and child support issues at the administrative level and sought to resolve the issues in the court system. We find the Ohio Administrative Code Chapter 5101:1-29-01 to be inapplicable to this appeal. Moreover, as we stated above, a party has the statutory right to request an award for attorney's fees in both an action for child support brought pursuant to a paternity action and in an action for contempt for failure to comply with an order to pay child support. Thus, we reject appellant's contention that a grant of attorney's fees in such actions are "unnecessary" and "unreasonable."
We find that appellee was statutorily entitled to request attorney's fees in the matter before us, that the trial court had discretion to grant reasonable attorney's fees and that appellant has not demonstrated the trial court abused its discretion in its grant of attorney's fees. Appellant's second assignment of error is without merit.
In his third assignment of error, appellant complains that there is "no justification" for the trial court order which requires him to pay $250 per month toward the child support arrearage when there was no finding of arrearage in the magistrate's decision or the judge's order. Specifically, appellant complains that it is "beyond comprehension" that the court would order such a high amount without explanation. After review of the record before us, we find the requirement of payment on arrearages without a finding of an arrearage amount in the judge's order to be error.
Based upon the stipulated facts and agreements in the record, it is undisputed that appellant was, at the time of the court order, in arrears for the support of his child. The record demonstrates that by agreed judgment entry journalized March 24, 1998, appellant acknowledged paternity of Alyssa and acknowledged his concomitant obligation to pay $548.90 per month in support of his child. The worksheet used pursuant to R.C. 3113.215 attached to the agreed judgment entry reveals that appellant's final annual child support obligation is $6,586.74. Without question, appellant was in arrears in his child support obligation. However, the court disavowed the decision of the magistrate and failed to determine the amount of arrearage owed by appellant in its final order. Accordingly, we remand the matter to the trial court for its determination of the arrearage owed by appellant and an order designating the payment required.
Judgment affirmed in part. This matter is remanded for further proceedings consistent with this opinion.
This cause is affirmed in part and remanded for further proceedings consistent with the opinion herein.
It is ordered that appellees and appellant equally share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ TIMOTHY E. McMONAGLE, JUDGE
 DIANE KARPINSKI, P.J. and MICHAEL J. CORRIGAN, J., CONCUR.