O P I N I O N
Plaintiff-appellant Mark A. Turner appeals from a judgment rendered by the Stark County Common Pleas Court directing a verdict against him and in favor of defendant-appellee Attorney Allen G. Carter. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
In 1996, appellant retained appellee to represent him in a lawsuit involving a construction loan. Kenneth Richmond d.b.a. Richmond'sExcavating v. Mark Turner, et al. v. Metropolitan Savings Bank, et al., Mahoning County Common Pleas Court, Case No. 94CV136. A settlement was reached in the above case on November 25, 1996.
On September 9, 1997, appellant pro se brought the present action against appellee. The complaint included seven counts arising out of appellee's representation in the prior real estate litigation. The allegations included: 1) legal malpractice; 2) breach of contract and fiduciary obligation; 3) reasonable standard of care; 4) fraud and constructive fraud; 5) breach of contract and infringement; 6) collusion; and 7) compensatory and punitive damages. Appellee denied all of the allegations in the complaint.
Subsequently, appellant identified Attorney Daniel S. White as his legal malpractice expert witness. Pursuant to a pre-trial order, appellee made his expert, Attorney Charles Kettlewell, available for videotape deposition on June 11, 1999. Appellant, after being duly notified, failed to appear for Attorney Kettlewell's deposition. On June 15, 1999, appellee's counsel interviewed Attorney White.
The trial was scheduled to begin on June 14, 1999. However, it was continued due to the court's involvement in another case. The trial commenced on June 16, 1999, and appellant presented his evidence. Attorney White did not appear. The court continued the case for one day so that appellant could secure Attorney White's attendance at trial. The court then directed appellee to present the testimony of one of his witnesses out of order. This witness was Attorney Robert Fulton, opposing counsel in the underlying matter that gave rise to the legal malpractice complaint. Despite the extra time, appellant failed to produce Attorney White to testify at trial. He also failed to produce deposition testimony of an expert witness. Because appellant presented no expert testimony with respect to the standard of care required of an attorney in appellee's position, the court sustained appellee's motion for a directed verdict after appellant rested his case. This appeal followed.
Initially, it must be noted that appellant has not provided this court with a transcript of the proceedings in the trial court. App.R. 9(B) provides that the party appealing the trial court's decision has the responsibility of ordering the transcript from the court reporter. It further describes the method by which the transcript shall be prepared. It states, "the reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript * * *." Although appellant has submitted a partial transcript copy, it is not in the manner required by App.R. 9, and thus cannot be considered as evidence by this court on appeal. Isbell v.Kaiser Found. Health Plan (1993), 85 Ohio App.3d 313, 318. It is the duty of appellant to insure that the transcript of all the relevant evidence is included in the record, as he has the burden of demonstrating alleged error by reference to the record. Roberts v. Payton (1995),105 Ohio App.3d 597, 600.
Absence of a transcript or other evidentiary materials from the record upon appeal is not grounds for dismissal of appeal, but rather is directed to the merits of the appeal. Ratchford v. Proprietors' Ins. Co. (1995),103 Ohio App.3d 192, 196.
Although this court provides pro se criminal appellants with some degree of latitude in the application of procedural rules, pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not accorded greater rights and must accept the results of their mistakes and errors. Meyers v. First National Bank
(1981), 3 Ohio App.3d 209, 210. With this in mind, we shall consider appellant's assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant alleges five assignments of error on appeal. His first assignment of error alleges:
 "THE 5TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION TO GRANT A DIRECTED VERDICT ON THE GROUNDS THAT JUDGE HAAS DENIED A CONTINUANCE TO INCLUDE PLAINTIFFS (sic) EXPERT WITNESS."
Appellant claims that his expert witness was unavailable to testify because the court sua sponte continued the trial date without prior notice. He argues that the trial court erred in denying his request for a continuance after the trial had begun in order to secure the attendance of his expert witness.
The determination of whether to grant or deny a motion for a continuance is within the sound discretion of the trial court. Visteinv. Keeney (1990), 71 Ohio App.3d 92, 100. A decision to deny a motion for continuance will not be reversed on appeal unless there is an abuse of discretion by the trial court. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
In this case, Attorney White did not appear in court on the day appellant was to examine him. The trial court directed appellee to call a witness, out of order, allowing appellant additional time to procure the attendance of his expert witness. He was unable to do so. Furthermore, under Civ.R. 30 and Civ.R. 32, appellant had the option to depose his own witness before trial to preserve his testimony. Additionally, before the commencement of trial, appellant could have dismissed the action under Civ.R. 41(A) and refiled when his expert was available. Accordingly, the facts of this case do not support the conclusion that the trial court abused its discretion in denying appellant's request for a further continuance. Appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE 5TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION TO GRANT A DIRECTED VERDICT ON THE GROUNDS THAT THE LOWER (sic) ALLOWED THE TESTIMONY OF ATTORNEY ROBERT FOULTON (sic), THE UNDERLYING CASE DEFENSE ATTORNEY."
Appellant contends that the trial court erred in allowing the testimony of Attorney Fulton, opposing counsel in the underlying case. Appellant offers no explanation as to why such a decision on the part of the trial court was improper. He merely concludes that Attorney Fulton's testimony influenced the trial court's decision to direct a verdict against him.
"The trial court has broad discretion in the admission and exclusion of evidence and, in the absence of an abuse of discretion which results in a material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings." Schultz v. Schultz (1996),110 Ohio App.3d 715, 726. Attorney Fulton's testimony could have been relevant to show whether appellee breached the standard of care required in his legal representation of appellant. However, without the benefit of a transcript of the trial court proceedings, it is impossible to know whether the trial court erred in allowing such testimony. Furthermore, Attorney Fulton testified for appellee, out of order, while appellant was attempting to secure testimony of his expert witness. Because the trial court directed a verdict for appellee after appellant concluded the presentation of his evidence, this testimony could not have been considered by the trial court.
Appellant has presented no evidence that the trial court abused its discretion. We must presume the regularity of the proceedings below absent evidence in the record to the contrary. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Appellant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE 5TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION TO GRANT A DIRECTED VERDICT ON THE GROUNDS THAT IT RULED ADMISSIBLE THE VIDEO TAPE DEPOSITION OF EXPERT WITNESS CHARLES KETTLEWELL."
Appellant contends that the trial court erred in admitting the videotape deposition of appellee's expert witness, Attorney Kettlewell. Specifically, appellant claims that appellee did not identify Attorney Kettlewell as his expert witness until ten days before the trial date. This, he argues, was a violation of an earlier magistrate's pre-trial order.
As previously noted, the trial court directed a verdict for appellee after the close of appellant's case. Appellant presents no evidence that the videotape of Attorney Kettlewell's deposition was entered into the record. Accordingly, appellant has not demonstrated that he was harmed by Attorney Kettlewell's deposition. Appellant's third assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error alleges:
 "THE 5TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION TO GRANT A DIRECTED VERDICT ON THE GROUNDS THAT JUDGE HAAS RULED INADMISSIBLE CREDIBLE EVIDENCE."
Appellant contends that the trial court erred in excluding from evidence affidavits and expert reports given by Attorney White and Dr. Phil Bouffard. However, appellant has not explained why the exclusion of these affidavits and reports was improper. As previously noted, a trial court has broad discretion in decisions concerning the admission of evidence. Schultz, supra. Appellant has failed to provide this court with evidence in the record indicating that the trial court abused its discretion. Id. Absent evidence in the record of the trial court's abuse of discretion, there is a presumption of regularity in the trial court proceedings. Knapp, supra. As such, appellant's fourth assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error alleges:
 "THE 5TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION TO GRANT A DIRECTED VERDICT ON THE GROUNDS THAT THE JUDGE DISMISSED ALL CLAIMS."
Appellant contends that his complaint contained seven distinct causes of action. He avers that expert testimony was not needed to support all of his claims. He thus argues that the trial court erred in directing a verdict for appellee as to the entire suit.
All of the allegations in appellant's complaint arose out of appellee's representation of appellant in the underlying real estate litigation. All are based upon appellee's alleged acts or omissions while representing appellant. Hence, all of appellant's claims sound in legal malpractice.Rumley v. Buckingham, Doolittle and Burroughs (Sept. 1, 1998), Franklin App. No. 98APE09-1262, unreported, citing Richardson v. Doe (1964),176 Ohio St. 370, 372. Thus, appellant's cause of action was one for legal malpractice regardless of the characterization of the issues as separate legal claims. Appellant's fifth assignment of error is without merit.
 CONCLUSION
Because his action was for legal malpractice, appellant was required to prove all the elements of his claim through expert testimony. Bloom v.Dieckmann (1983), 11 Ohio App.3d 202, 203. There has been no evidence submitted to this court to show that appellant presented any expert testimony. Presuming the regularity of lower court's proceedings, as we must, the trial court did not abuse its discretion in directing a verdict in favor of appellee.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 __________________ VUKOVICH, P.J.
Donofrio, J., concurs. Waite, J., concurs.