OPINION
This is an appeal from the judgment of the Portage County Court of Common Pleas, upon a jury verdict, awarding appellant, Linda Bretz, $6,100 as compensation for property taken by the Ohio Department of Transportation.
Appellant owned a parcel of property, consisting of 3.657 acres of land, located on State Route 303 in Shalersville Township, Portage County. Appellant's land was zoned Rural/Residential, but appellant operated a pre-existing non-conforming propane cylinder refilling business on the property.
Appellee, Gordon Proctor, the Director of the Ohio Department of Transportation, appropriated a strip of land along the front of appellant's property for the purpose of improving State Route 303. A portion of this appropriated land was already subject to a permanent highway easement, but 0.302 acre of the appropriated land was not subject to any easement. Appellee had the property appraised, and determined that the value of the appropriated property was $6,100.
On April 30, 1999, appellee filed his Petition to Appropriate. On July 7, 1999, appellant filed her answer to the petition. A jury trial was originally scheduled for February 13, 2001, and a pretrial conference was scheduled for February 9, 2001. The trial was, however, continued to February 21 and 22, 2001. The parties agree that the pretrial conference was not held, but they do not agree as to the reason the conference was not held. Appellant claims that the conference was not held because appellee's counsel was on vacation. Appellee claims that the parties were informed by the trial judge's magistrate that the conference would not be held because the court was engaged in a criminal jury trial on that day. It is undisputed that appellant gave a witness list to appellee on February 9, 2001. Appellee did not give a witness list to appellant on that day.
During the presentation of appellee's case, appellant objected to the testimony of appellee's expert witness on the ground that the expert had not been identified in a witness list, pursuant to the local rules. The court overruled the objection and allowed the expert to testify, holding that the identity of the witness was a matter of common knowledge.
After presentation of both parties' cases at trial, the court instructed the jury on the law to be applied in the case. As a part of these instructions, the court instructed the jury that, because no evidence of damage to the residue of the property had been presented, they could not consider such damage. The jury awarded appellant $6,100.From this jury verdict, appellant raises the following assignments of error:
 "[1.] The verdict of the jury and judgment of the court is contrary to the weight and sufficiency of evidence."
 "[2.] The court erred to the prejudice of the appellant when it permitted the the [sic] state's witness to testify in violation of Local R. 10.02 of the Portage Common Pleas Court."
In appellant's first assignment of error, she argues that the jury's verdict was against the manifest weight of the evidence. Though she does not identify them as such, she actually argues two separate but related issues in the assignment. First, she argues that the evidence showed that she was entitled to $6,100 damages for the reduction in value of the residue of her property. Second, she argues that the court erred by instructing the jury not to consider damage to the residue of the property because no evidence of such damages had been presented to the jury. We shall discuss these issues separately.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
The remedy in an appropriation proceeding consists of two elements: "compensation," which is money to compensate the owner for the fair market value of the land actually taken, and "damages," which is money awarded to compensate the property owner for injury to the remaining land caused by the appropriation. City of Norwood v. Forest Converting Co. (1984), 16 Ohio App.3d 411, 415.
R.C. 163.14, which governs appropriation proceedings, states that
 "[i]n appropriation proceedings the jury shall be sworn to impartially assess the compensation and damages, if any, without deductions for general benefits as to the property of the owner." (Emphasis added.)
The statute states that the jury shall assess damages, if any. This qualification indicates that damages to the residue of the property are not always present and are, therefore, not always proper for the jury to award. It follows, then, that the existence and amount of damages to the residue must be shown to the jury.
We must, then, examine the record to determine whether there is competent, credible evidence to support a verdict that denies appellant recovery for damage to the residue of her property. Appellant, however, has provided this court with an incomplete transcript of the proceedings below. The only portions of the jury trial available to this court are the testimony of the state's expert witness, Charles G. Snyder ("Snyder"), and the transcript of the court's instructions to the jury. Neither of these transcripts contains evidence of damage to the residue of appellant's property.
"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B). Because appellant has failed to include all the relevant evidence, including her own valuation evidence, we must presume that the evidence supported the trial court's findings. See Roberts v. Payton (1995),105 Ohio App.3d 597, 600.
In her second issue, appellant argues that the court erred by instructing the jury that: "there has been no evidence of any damage to the residue of the property owned by the property owner, therefore, you many not consider or award any damage to such residue."
The Supreme Court of Ohio has held that:
 "It is well established that the trial court will not instruct the jury where there is no evidence to support an issue. * * * However, the corollary of this maxim is also true. `Ordinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.' * * * `In reviewing a record to ascertain the presence of sufficient evidence to support the giving of a[n] * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction.'" (Internal citations omitted.) Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591.
Because appellant failed to provide the court with a full transcript of the trial below, and those portions of the transcript she provided the court do not contain evidence of damage to her remaining property, we cannot find that reasonable minds might reach the conclusion that appellant had sustained damage to the residue of her property. Thus, the trial court did not err in instructing the jury that it should not award damages to appellant. Appellant's first assignment of error is without merit.
Appellant's second assignment of error also contains two related issues. In the first issue, appellant argues that appellee's expert witness should have been excluded from testifying because his name was not disclosed to her on the day of the cancelled pretrial conference. In her second issue, appellant argues that appellee's expert should not have been permitted to testify because he was not familiar with local land values, and thus was unqualified as an expert.
In her first issue, appellant argues that Portage County Common Pleas Court Local Rule 10.02 required the court to exclude the testimony of appellee's expert witness because appellee did not give her a witness list on the day of the cancelled pretrial conference.
Portage County Loc.R. 10.02 provides, in relevant part:
 "[a]t the pretrial the parties must exchange all lists of witnesses and exhibits. No witness or exhibit that has not been so exchanged can be used at trial."
Portage County Loc.R. 10.02 also provides that "[a]ll pretrial conferences shall be conducted by the Judge assigned to the case." Although the parties did meet at the judge's chambers, and may have met with the magistrate, both parties agree that the trial judge was not present at the meeting. Because the trial judge was not present, the February 9 meeting was not a pretrial conference, as set out in Loc.R. 10.02. As no pretrial conference was held, Loc.R. 10.02 does not apply. Because the local rule does not apply, the only applicable rules for the disclosure of expert witnesses are those found in the Rules of Civil Procedure.
Civ.R. 26(B)(4)(b) provides that:
 "* * * [a] party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert is expected to testify * * *."
A review of the record reveals no interrogatories propounded by appellant. In the absence of an interrogatory requesting appellee to identify his expert witness, appellee is under no affirmative duty to do so. Thus, the trial court did not err by allowing appellee's expert witness to testify over appellant's objection.
Furthermore, appellant was not prejudiced by the court's decision to permit appellee's expert witness to testify. Appellee's expert testified that the value of the taking was $6,100. This was precisely the amount of the original appraisal, performed by the expert, and was the amount deposited with the clerk of courts at the commencement of the action. Whether appellee's expert testified or not, the jury would have had before it evidence that the value of the taking was $6,100, when making its decision.
In her second issue, appellant argues that appellee's expert, Snyder, was unfamiliar with property values in the area and, thus, should not have been permitted to testify as to the value of her property.
The trial court's determination that a witness is qualified to testify as an expert is within the court's sound discretion, and will not be overturned absent an abuse of discretion. State v. Baston,85 Ohio St.3d 418, 423, 1999-Ohio-280. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Appellant first argues that Snyder is unfamiliar with property values in Portage County because he is a resident of Tuscarawas County and because he spent more time driving to her property than he did appraising it. Appellant, however, testified that he had appraised other properties in the Ravenna area of Portage County. He testified that he had appraised three motels and a car wash on State Routes 14 and 303. Thus, it was not an abuse of the court's discretion to conclude that Snyder had sufficient familiarity with surrounding property values to render an opinion as to the value of the property appropriated from appellant.
Next, appellant argues that Snyder's determination that the highest and best use for the appropriated property was rural/residential shows his unfamiliarity with area property values, because appellant maintains a nonconforming commercial use on her property.
Snyder's determination that the highest and best use of the property appropriated from appellant was rural/residential does not make his testimony inadmissible. Snyder was properly qualified as an expert witness, and gave his opinion as to the highest and best use of the property based upon his personal inspection of the property and an examination of the surrounding properties. Appellant was free to cross-examine Snyder on the basis for this opinion, or to introduce opinion testimony which differed from Snyder's. The trial court did not abuse its discretion by allowing Snyder to testify as an expert witness. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only, WILLIAM M. O'NEILL, P.J., dissents with Dissenting Opinion.