DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David P. Drew, appeals the decision of the Summit County Probate Court affirming the magistrate's decision granting Appellee's (Louis Marino) motion to remove him (Appellant) as the executor of the Estate of Leland Thompson. We affirm.
 {¶ 2} Leland Thompson, now deceased (Decedent) commenced the litigation that this appeal now stems from. Decedent filed suit against his daughter and her husband, Mary Ann and Louis Marino, over the sale of a house that he had owned, at least in part, according to Magistrate, Kenneth Spahr. Decedent died while the suit was pending. His executor, David Drew, continued the case.
 {¶ 3} Under the terms of Decedent's will, his grandson, Mary Ann and Louis Marino's son, Michael Marino, was named as the sole beneficiary of his estate. Alleging that the estate was depleted of any assets, and that the beneficiary did not wish to continue a lawsuit against his parents, Susan Durr, Michel Marino's appointed guardian, filed a motion to remove Attorney David Drew as the executor of Decedent's estate so that the costly litigation would cease.
 {¶ 4} After conducting a hearing on the issue, the Magistrate, on June 23, 2004, granted Appellee's motion. Appellant filed objections to the Magistrate's report. The Probate Court conducted a hearing on the objections on August 30, 2004. On October 14, 2004, the Probate Court found that Appellant had "failed to act in the best interest of the estate," and affirmed the decision of the Magistrate. Appellant now asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The Probate Court erred by granting the Motion to Remove the Executor without any evidentiary predicate, an evidentiary hearing, or any sworn testimony from Michael Marino, the decedent's only beneficiary listed in his Will or from the Estate's Executor, David Drew."
 {¶ 5} In his only assignment of error, Appellant argues that the probate court erred in affirming the Magistrate's decision removing him as the Executor of decedent's estate without any evidentiary predicate, a hearing, or sworn testimony from the decedent's only beneficiary. We disagree.
 {¶ 6} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} We do not find that the trial court abused its discretion in adopting the Magistrate's decision to remove the executor. R.C. 2109.24 provides that a court may remove an executor when the interest of the trust demands it. "Removal of an executor rests within the sound discretion of the trial court and a reviewing court will not reverse the decision absent a clear showing of abuse of discretion." In re Estate ofWilkerson, 9th Dist. No. 22049, 2005-Ohio-159, at ¶ 10, quotingPio v. Ramsier (1993), 88 Ohio App.3d 133, 136.
 {¶ 8} In this case, Appellant maintains that the trial court erred in affirming the Magistrate's decision. However, no transcript or affidavit supporting the assignment of error had been filed before the probate court. Civ.R. 53(E)(3)(c) provides that "[a]ny objection to a [magistrate's] finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 9} When an objecting party fails to provide a transcript of the proceedings or an affidavit to support his objections, appellate review of the probate court's findings is limited to whether the probate court abused its discretion in adopting the magistrate's report. In other words, in the absence of a transcript of proceedings, affidavit, or additional evidentiary hearing, a trial court abuses its discretion when it fails to adopt a finding of fact made by a magistrate. See Weitzel v.Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 19; Wade v.Wade (1996), 113 Ohio App.3d 414, 418; Galewood v. Terry Lumber Supply Co., 9th Dist. No. 20770, 2002-Ohio-947, at ¶ 10. In such a case, the trial court may only examine the ultimate legal conclusions in light of the facts found by the magistrate. SeeWeitzel at ¶ 21; Galewood, at ¶ 10.
 {¶ 10} In the case at hand, the trial court noted that Appellant had not filed a transcript of the hearing held before the Magistrate on June 22, 2004, and correctly stated that its review of the factual findings of the magistrate's decision were limited to determining whether the findings were sufficient to support the magistrate's ultimate conclusions. See Roberts v.Payton (1995), 105 Ohio App.3d 597. The trial court conducted a review and determined that Appellant, as executor of the estate of Leland Thompson, "failed to act in the best interest of the estate." Thereafter, Appellant was removed as the executor of Decedent's estate.
 {¶ 11} In the case at bar, the Magistrate adopted Appellee's argument that "the lawsuit is counter-productive since any benefit would go to Michael Marino," Mary Ann and Louis Marino's son. "Michael Marino does not wish the lawsuit to continue as it is very costly and time consuming to his parents, his mother is ill and he simply does not wish to be involved in a lawsuit against his parents." Based on the above findings, the Magistrate stated that the "executor is not acting in the best interest of the estate and should be removed as such." The trial court considered the magistrate's findings of fact; it made its own findings of fact, and concluded that the facts of the case showed that the interest of the trust demanded removal of the executor pursuant to R.C. 2109.24.
 {¶ 12} Based on the above, we conclude that the trial court did not err in determining that the Magistrate's findings were sufficient to support his ultimate conclusion to remove Appellant as the executor. See Roberts, 105 Ohio App.3d 597. Under the circumstances, it would have been an abuse of discretion had the probate court failed to adopt the Magistrate's findings of fact in light of the fact that no transcript of the proceedings or affidavit supporting the objections had been filed. See Civ.R. 53(E)(3)(c), Weitzel, at ¶ 19, and Wade,113 Ohio App.3d at 418. Appellant failed to show that the probate court's adoption of the Magistrate's decision demonstrated "perversity of will, passion, prejudice, partiatlity or moral delinquency." Pons,66 Ohio St.3d at 621. Accordingly, we overrule Appellant's assignment of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)