[Cite as *Doherty v. Doherty*, 2012-Ohio-4886.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

RALPH F. DOHERTY, II

    Appellant

    v.

CYNTHIA S. DOHERTY

    Appellee

C.A. No.     11CA0067-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09DR0364

DECISION AND JOURNAL ENTRY

Dated: July 2, 2012

---

BELFANCE, Judge.

{¶1} Appellant, Ralph Doherty, appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division, that overruled his objections to a magistrate's decision and ordered him to pay spousal support. This Court reverses.

I.

{¶2} Mr. Doherty moved the trial court to hold his wife in contempt, and Ms. Doherty requested a modification of spousal support. On April 8, 2011, a magistrate recommended that Mr. Doherty's motion to show cause be denied and that Ms. Doherty be awarded $85 per month in spousal support. The trial court adopted the magistrate's recommendations and entered judgment on the same day. On April 21, 2011, Mr. Doherty filed "[p]reliminary [o]bjections" to the magistrate's decision, noting that he would "supplement his objections upon receiving the transcript of proceedings which has been ordered from the court reporter." On May 16, 2011, the trial court summarily "denie[d]" his objections, concluding that because Mr. Doherty had not

filed a praecipe for preparation of the transcript or paid the deposit against costs for its preparation, it was within the court's prerogative to "presume[] that the Magistrate conducted the proceedings with regularity and adopt[] [her] findings of fact." Mr. Doherty appealed, raising three assignments of error. Ms. Doherty did not file an appellate brief in response.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT
WHEN IT PREMATURELY DENIED APPELLANT'S OBJECTIONS.

{¶3} In his first assignment of error, Mr. Doherty has argued that the trial court erred by denying his objections by application of Loc.R. 1.07 without notice and an opportunity to cure his failure to file a praecipe for preparation of the transcript and to pay the deposit against transcript preparation costs. We agree.

{¶4} The Local Rules of the Medina County Court of Common Pleas, Domestic Relations Division, contain specific requirements relative to obtaining a transcript of the proceedings and paying the court reporter for the transcript as well as the possibility of forfeiture of a litigant's objections for failing to comply. Loc.R. 1.07 provides:

> A. If a transcript is required, a praecipe to the Court Reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the Court Reporter at the time of the filing of the Objection * * *. *Failure to timely file the praecipe may result in the denial or dismissal of an Objection * * *.*
>
> B. A deposit of costs to secure the transcript must be paid to the Court Reporter within 7 days of the filing of the Objection * * *. *If the deposit for the costs of a transcript is not made within 14 days of the filing of the Objection * * *, the Objection * * * may be denied or dismissed.* Irrespective of whether a transcript is ordered for the purpose of an Appeal, Objection, Motion to Set Aside or other reason, the Court Reporter shall not commence the preparation of the transcript until the deposit has been made.

(Emphasis added.) This Court recently considered the procedure required to implement the sanctions provisions contained in Loc.R. 1.07 in a similar case. *See Lakota v. Lakota*, 9th Dist.

No. 10CA0122-M, 2012-Ohio-2555. In *Lakota*, we concluded that in order to implement the sanctions provision of Loc.R. 1.07, the trial court was required to "provide the parties with some notice specific to the case at hand and a reasonable opportunity to cure the defect." *Lakota* at ¶ 13. As we explained in that case,

> [A]lthough we would not go so far as to say that Loc.R. 1.07 is invalid on its face, we are persuaded that, in light of the potential that a party may be deprived of the opportunity to object and to preserve error for appeal in a meaningful way, the trial court should give notice of its potential sanction in a manner that is at least consistent with the notice required under Civ.R. 53(D)(3)(a)(iii). Ruling on objections as a sanction during the thirty-day period for filing a transcript may deprive parties of the meaningful opportunity to file objections and preserve error for appeal, and consistent with the interests at stake, a trial court that does so should act with caution after notice.

*Id*. at ¶ 12. We concluded that "[t]he notice afforded by Loc.R. 1.07 itself is insufficient in this regard." *Id.* at ¶ 13. We also concluded that the fact that a trial court adopts a magistrate's decision and enters judgment before objections are filed does not necessarily mean that the trial court conducted an independent review sufficient to meet the requirements of Civ.R. 53(D)(4)(d). *Id*. at ¶ 16.

{¶5} As in *Lakota*, the trial court erred by overruling Mr. Doherty's objections as a sanction for failing to follow the requirements of Loc.R. 1.07 without notice and an opportunity to cure the deficiency. Mr. Doherty's first assignment of error is therefore sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT WHEN IT VIOLATED ITS OWN LOCAL RULE OF COURT WHICH REQUIRED AN ORAL HEARING ON OBJECTIONS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT WHEN IT FAILED TO CONDUCT AN INDEPENDENT REVIEW OF THE OBJECTIONS.

**{¶6}** Mr. Doherty's second and third assignments of error, which argue alternative grounds for reversing the trial court's decision, are moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶7}** Mr. Doherty's first assignment of error is sustained. His second and third assignments of error are moot. The judgment of the Medina County Court of Common Pleas is reversed, and this matter is remanded to the trial court so that Mr. Doherty may have the opportunity to proceed from the point that his objections were timely filed.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶8}  I respectfully dissent.

{¶9}  I do not agree that Loc.R. 1.07 fails to provide adequate notice of the possible sanctions the trial court may impose for failure to comply with the requirements of the rule.

{¶10}  I would address the second assignment of error and conclude that there was no prejudicial error.

{¶11}  I would address the third assignment of error and conclude that the trial court conducted the proper review of the objections.  When a party who objects to the magistrate's factual determinations fails to provide a transcript of the proceedings in support of his objections, "the trial court may only examine the ultimate legal conclusions in light of the facts found by the magistrate." *In re Estate of Thompson*, 9th Dist. No. 22403, 2005-Ohio-4261, ¶ 9.  Because it necessarily already did so when it issued its pre-objections judgment, the trial court conducted the necessary review.

{¶12}  In this case, the trial court entered its judgment before Mr. Doherty filed his objections.  Civ.R. 53(D)(4)(e)(i) permits a trial court to enter judgment during the 14-day period allowed for the filing of objections.  Civ.R. 53(D)(4)(c) only allows the trial court to adopt the magistrate's decision in the absence of objections if it determines that there are no errors of law or other defects evident on the face of the magistrate's decision.  Accordingly, the trial court must necessarily review the magistrate's application of the law to the facts as the magistrate found them before it may adopt the decision as its own judgment.  It is presumed that the trial

court is aware of its obligations and that it applies the law accordingly. *State v. Rivera-Rodriguez*, 9th Dist. Nos. 07CA009154, 07CA009166, 2008-Ohio-1461, ¶ 38 (Carr, J., concurring in part and dissenting in part), citing *Walczak v. Walczak*, 5th Dist. No. 2003CA00298, 2004-Ohio-3370, ¶ 22. I would conclude that the trial court properly conducted the required review of the magistrate's application of the law to the facts when it first adopted the magistrate's decision and entered its judgment.

{¶13} Based on the above, I would affirm the trial court's judgment.

APPEARANCES:

JOHN V. HEUTSCHE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Attorney at Law, for Appellee.