OPINION
{¶ 1} Appellant, Gary Thut, appeals from the July 29, 2004, judgment entry of the Lake County Court of Common Pleas, Probate Division, adopting the magistrate's decision to reduce the amount of fees paid to both the attorney and executor of Virginia Ann Thut's estate.
 {¶ 2} On April 12, 2002, Virginia Ann Thut ("the decedent") died, and her son, appellant, was appointed executor of her estate. Appellant hired Attorney David N. Patterson ("attorney") to assist in the administration of the decedent's estate, and the estate was filed on July 12, 2002.
 {¶ 3} Throughout the administration of the estate, various motions were filed in behalf of appellant requesting time extensions and corrections to the inventory. The trial court first granted a thirty day extension to allow the attorney to prepare and file the estate's inventory, appraisal, and the schedule of assets by November 17, 2002. The attorney missed this deadline. The trial court issued a citation, and the attorney then filed the foregoing items on December 17, 2002.
 {¶ 4} A report of newly discovered assets was filed with the court on February 24, 2003. These "newly discovered" assets had already been listed and approved on the original inventory, which led the attorney to file a motion to vacate on March 31, 2003. At the same time an additional motion to correct inventory was filed due to an erroneously listed stock number on the schedule of assets.
 {¶ 5} On August 18, 2003, the attorney filed another motion for a thirty day extension in which to file the final account due to discovering new stock certificates which needed to be sold to complete the account. This time the court ordered the final account to be filed within two weeks.
 {¶ 6} Another thirty day extension request was filed on December 10, 2003, alleging that newly discovered stock certificates were in the process of being sold by a stockbroker and a final inventory could not be completed until the sale was final. The court granted the extension and gave the attorney until January 11, 2004, for the final account to be filed.
 {¶ 7} On January 15, 2004, the attorney again cited the sale of stock certificates as the reason for filing for an additional sixty day extension. Again, the court granted the motion to file the final account until March 22, 2004.
 {¶ 8} Having missed this new deadline for filing the final account, on April 21, 2004, the court issued a writ of citation against appellant. In response, on May 6, 2004, the attorney filed yet another sixty day extension request stating that time was needed to file additional paperwork in regard to the sale of the stock. The trial court denied this motion and held appellant in contempt of court for failure to comply with the court's orders.
 {¶ 9} On June 4, 2004, the attorney filed a motion to approve extraordinary attorney fees in the amount of $4,513.45, stating that the reasons behind the extraordinary fees were: the attorney's hourly rate of $150, the discovery of the estate's new assets which led to additional attorney fees, and the need for numerous assets to be distributed and accounted. Additionally, the attorney stated that the heirs of the estate did not object to the amount of attorney fees.
 {¶ 10} A motion to approve executor fees in the amount of $6,236.18 was also filed the same day. Appellant claimed as estate executor that his actions were above and beyond the normal duties of an executor since he was actively involved in the preparation of the estate, personally delivered paperwork to out-of-town heirs, made numerous trips to the attorney's office, and kept an accurate account of the estate's debts.
 {¶ 11} After conducting an evidential hearing on the motions, the magistrate ruled on the extraordinary attorney and executor fee requests on July 14, 2004. The magistrate found that problems did exist with the estate; however, the issues were not so difficult that they were outside the realm of an experienced attorney's capabilities. Furthermore, the magistrate found that appellant completed those duties expected of an executor and, in fact, did not do anything extraordinary. Therefore, the magistrate recommended attorney fees in the amount of $3,345.00 and executor fees in the amount of $4,291.82.
 {¶ 12} The attorney filed a motion for leave to file objections to the magistrate's decision on July 26, 2004. He requested a thirty day extension, citing additional time was needed to seek a waiver of objections to the extraordinary attorney fees. Based on consideration of the record and the numerous time extensions which had been granted, the court denied the motion on July 28, 2004.
 {¶ 13} On July 29, 2004, the trial court adopted the magistrate's decision and, at that time, no objections were filed by appellant. Instead, appellant timely filed the instant appeal and now asserts the following as error:
 {¶ 14} "[1.] The trial court erred to the prejudice of [appellant] by reducing extraordinary fiduciary fees without objection thereto nor a specific finding of unfaithful discharge of duties.
 {¶ 15} "[2.] The trial court erred to the prejudice of [appellant] and the undersigned by denying extraordinary attorney fees without objection thereto nor a specific finding to the contrary.
 {¶ 16} "[3.] [The] trial court erred to the prejudice of [appellant] and the undersigned by denying their request for extension of time."
 {¶ 17} We will first address the third assignment of error to determine whether the trial court abused its discretion in denying appellant's motion for a time extension. Appellant contends that despite prior issues with the estate, this particular motion for a time extension was based on reasonable grounds and no other party was opposing the motion.
 {¶ 18} The courts of this state have generally held, "[i]t is within the trial court's discretion whether to grant an extension of time."Brenman v. Reck, 2d Dist. No. 2004 CA 3, 2004-Ohio-5828, at ¶ 20, citingProvident Bank v. Hartman, (May 24, 2001), 8th Dist. No. 78292, 2001 Ohio App. LEXIS 2329. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 19} The Supreme Court of Ohio has stated that "in reviewing the trial court's exercise of discretion, a balancing test which takes cognizance of all the competing considerations" is to be applied. This includes weighing any potential prejudice to a defendant against issues such as a court's right to control its docket and the public's interest in prompt, efficient justice. State v. Unger (1981), 67 Ohio St.2d 65, 67.
 {¶ 20} The magistrate's decision was filed on July 14, 2004, and it clearly stated that "within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." The attorney filed a motion for a thirty day extension on July 26, 2004, just two days before the deadline. It was the attorney's decision to file this last motion near the end of the fourteen day period, rather than immediately after the magistrate's decision was entered, with the hope that the trial court would act on the extension request before the fourteen day objection period had concluded. Based on the record in this matter regarding the number of motions requesting extensions and the trial court's leniency in granting these prior motions, the trial court did not act unreasonably in issuing a judgment entry denying the motion on July 28, 2004.
 {¶ 21} The record shows that appellant had filed six previous motions for time extensions, and the trial court granted four and reduced one. The trial court's past history of patiently reviewing these motions demonstrates the court was not acting in a manner that was "unreasonable, arbitrary, or unconscionable" toward appellant.Blakemore, 5 Ohio St.3d at 219. By the time the motion at issue was filed, we believe the trial court was attempting to avoid further delays of the case, and denied the motion in an effort to promote judicial efficiency and bring the estate proceedings to a conclusion.
 {¶ 22} Balancing the effect of the denial on appellant against the public's interest in judicial efficiency, we conclude the trial court did not abuse its discretion in denying appellant's motion for a thirty day extension to file objections to the magistrate's decision. Thus, the third assignment is overruled.
 {¶ 23} Having found the trial court did not abuse its discretion in denying the time extension motion, we now address appellant's first and second assignments of error. In these assignments, appellant contends both extraordinary fiduciary and attorney fees were justified by the services each had to contribute to the administration of the estate.
 {¶ 24} Appellant failed to file objections to the magistrate's decision after the trial court denied the time extension. Civ.R. 53(E)(3)(a) provides: "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." The Ohio Supreme Court has held when a claimant does not timely object to a magistrate's conclusions as required by Civ.R. 53(E)(3), then Civ.R. 53(E)(3)(b) prohibits a party from "`assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.'"State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52,53-54.
 {¶ 25} In the case at bar, appellant filed his motion for a time extension at the end of the fourteen day period in which to file objections. Appellant's July 26 motion was denied on the day the objections were due. The court adopted the magistrate's decision the following day, and appellant never filed any objections. Instead, appellant immediately appealed to this court.
 {¶ 26} Pursuant to the Ohio Supreme Court's interpretation of Civ.R. 53(E)(3), since appellant failed to file any proper objections to the magistrate's decision, his first and second assignments of error cannot be raised here. State ex rel. Booher, supra.
 {¶ 27} Additionally, the Supreme Court of Ohio has stated that "[t]he duty to provide a transcript for appellate review falls upon the appellant[,]" and it is the appellant who "bears the burden of showing error by reference to matters in the record." In instances where the necessary transcript is not presented to the reviewing court, that court "has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 28} In regard to transcripts of magistrate or referee proceedings, we have reaffirmed the necessity for a transcript by stating, "[w]hen an objecting party fails to submit the necessary transcript or affidavit, from the referee's hearing to the trial court, the scope of a trial court's review of the factual findings in a report is limited to determining whether those findings are sufficient to support the referee's ultimate factual findings and the conclusions of law." Robertsv. Payton (1995), 105 Ohio App. 3d 597, 600.
 {¶ 29} Timely objections to the magistrate's decision were not filed, and consequently, appellant did not present the trial court with a transcript of the magistrate's hearing. Under such circumstances, even if appellant had caused a transcript of the magistrate hearing to be included in the record in this appeal, this court could not have considered it because it was not before the trial court when it issued its decision adopting the magistrate's decision. Therefore, following Knapp andRoberts, we cannot conduct a complete review of the factual findings upon which the magistrate's decision was based; instead, the scope of our review is limited to determining whether the factual findings supported the conclusions of law.
 {¶ 30} In accordance with Civ.R. 53(E)(4)(a) the magistrate's decision is effective once adopted by the court and once the court determines that there is no "error of law or other defect on the face of the magistrate's decision." The magistrate's decision states that the evidence presented did not justify the extraordinary attorney and fiduciary fees. The magistrate's findings indicate that appellant eventually completed the duties requested of him, but none of his actions were considered "extraordinary." Since the findings of the magistrate were consistent with her legal conclusions, the trial court correctly adopted the magistrate's decision.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
Grendell, J., Rice, J., concur.