OPINION
{¶ 1} Defendant-appellant, Nicholas J. Planin, appeals the decision of the Geauga County Court of Common Pleas, entering judgment and adopting the decision of the magistrate regarding plaintiff-appellee, Paulina H. Planin's, complaint for divorce. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Nicholas and Paulina Planin were originally married on June 19, 1953, in Amsterdam, Holland. Two children, a son and a daughter, were born as issue of the marriage, both are now emancipated. The marriage was terminated by decree of dissolution rendered by the Geauga County Court of Common Pleas on June 13, 1990. According to the terms of the separation agreement, the marital residence and surrounding ten acres of land, located at 15562 Claridon Troy Road, Burton, Ohio, was to be sold. Nicholas was to receive $50,000 from the sale of the property and Paulina, in whose name the property was titled, was to receive the remainder of the proceeds from the sale. The property was never sold. Rather, in September 1991, Paulina transferred the property into her daughter's name. On March 2, 1992, the parties remarried in Toronto, Canada. In January 1993, the daughter transferred the property back into Paulina's name. In June 1993, Paulina once against transferred title back to the daughter. In June 1996, the daughter transferred the property into Nicholas' name.
 {¶ 3} On April 21, 2004, Paulina filed the present complaint for divorce. The matter was originally set for trial on November 4, 2004. On October 18, 2004, Paulina moved the court for a continuance on the grounds that new counsel had been retained and needed time to prepare. Paulina's motion was denied; the November 4, 2004 trial date, however, was converted into a pre-trial hearing. Trial was re-scheduled for February 14, 2005.
 {¶ 4} On February 2, 2005, Nicholas, then residing in Florida, filed a motion for a continuance on the grounds that his "primary physician feels that it would pose an unnecessary risk to Mr. Planin's health should he be forced to be subjected to Ohio's inclement weather rather than remaining in the warm environment of Florida due to his health condition." Attached to Nicholas' motion was the unsworn copy of a letter from Robert T. Mayock, M.D., of the Cleveland Clinic. Dr. Mayock wrote that Nicholas is "currently being followed for multiple medical problems including prostate cancer, coronary artery disease, type 2 diabetes mellitus, hypothyroidism and high cholesterol." In light of these conditions, Dr. Mayock stated that it was in Nicholas' "best health interests to remain in the warmer climate of Florida at the present time." Nicholas' motion was denied by a court magistrate. On February 10, 2005, Nicholas filed a Motion for Reconsideration of Motion for Continuance, which was also denied.
 {¶ 5} Nicholas did not attend the February 14, 2005 trial, but was represented by counsel who introduced evidentiary exhibits. Paulina was present at the trial and presented evidence on the marital assets. All exhibits were admitted to the record by stipulation.
 {¶ 6} The magistrate issued his decision on March 10, 2005. In relevant part, the magistrate recommended that the marital residence be sold, with the sale price to be determined by the listing agent, and the proceeds from the sale to be divided evenly between Nicholas and Paulina.[1]
 {¶ 7} On March 28, 2005, Nicholas filed a hand-written request for a continuance to file objections to the magistrate's decision. Nicholas wrote that he was residing in Florida until May 3, 2005, and would prefer to file objections after he returned to Ohio. On April 1, 2005, the trial court denied Nicholas' request for a continuance. On April 22, 2005, the trial court approved and adopted the conclusions of the magistrate's decision. This appeal timely follows.
 {¶ 8} On appeal, Nicholas raises the following assignments of error:
 {¶ 9} "[1.] The trial court abused its discretion by denying appellant's motion for continuance.
 {¶ 10} "[2.] The trial court abused is discretion by denying appellant's motion for an extension of time to file objections to the magistrate's decision.
 {¶ 11} "[3.] The trial court erred as a matter of law by finding that the real property at 15562 Claridon-Troy Road was marital property.
 {¶ 12} "[4.] The trial court erred by failing to determine the value of the real property at 15562 Claridon-Troy Road."
 {¶ 13} Nicholas' first two assignments of error challenge the trial court's denial of his motion to continue the trial and motion for an extension of time to file objections. "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." State v. Unger
(1981), 67 Ohio St.2d 65, paragraph one of the syllabus; Stateex rel. Buck v. McCabe (1942), 140 Ohio St. 535, paragraph one of the syllabus. "[A]n appellate court will not interfere with the exercise of this discretion unless the action of the court is plainly erroneous and constitutes a clear abuse of discretion."Buck, 140 Ohio St. at 538. In many situations, a court will have acted within its discretion whether it granted or denied the continuance. "When applying the abuse of discretion standard [in these situations], a reviewing court is not free to merely substitute its judgment for that of the trial court." Fontanellav. Ambrosio, 11th Dist. No. 2001-T-0033, 2002-Ohio-3144, at ¶ 17 (emphasis sic) (citation omitted).
 {¶ 14} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Unger,67 Ohio St.2d at 67, citing Ungar v. Sarafite (1964), 376 U.S. 575, 589.
 {¶ 15} In the present case, the trial court did not abuse its discretion in denying Nicholas' motions for a continuance and an extension of time. As regards the motion for a continuance, Nicholas filed this motion less than two weeks prior to trial despite the court having scheduled the trial over three months previously. The letter written by Dr. Mayock indicated that Nicholas regularly spent his winters in Florida for the benefits of the warmer climate. There was no reason why Nicholas could not have expressed his concerns regarding his ability to be present for trial at the pre-trial held in November 2004. Dr. Mayock described the desirability of Nicholas remaining in Florida as being in his "best health interest" and the nature of Nicholas' medical conditions as ongoing. There is no suggestion that Nicholas was under any immediate risk of harm, or that returning to Cleveland for a couple of days to attend trial posed serious health risks. See Calvary SPV I, LLC v. Furtado, 10th Dist. No. 05AP-361, 2005-Ohio-6884, at ¶ 12 (absent a "sudden onset of difficulties," movant "should have been aware long before * * * trial, that she would be unable to participate due to health problems"); Hudson v. Ohio Dept. Rehab. Corr., 10th Dist. No. 04AP-562, 2004-Ohio-7203, at ¶ 19 (motion properly denied where the movant "had ample opportunity to inform the court of her need for a continuance" regarding her medical condition); cf. Card v.French (May 14, 1998), 8th Dist. No. 73678, 1998 Ohio App. LEXIS 2154, at *4 (denial of a motion for continuance constituted an abuse of discretion where the movant was being treated for a condition requiring the possibility of surgery).
 {¶ 16} As regards the motion for an extension of time to file objections to the magistrate's decision, the fourteen-day period for filing objections had already passed by the time Nicholas filed the motion. The Ohio Rules of Civil Procedure provide that, when "an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Civ.R. 6(B). In order to be entitled to relief under Civ.R. 6(B), the movant must make some showing of "excusable neglect" as to why he was unable to comply with the rule. Miller v. Lint (1980), 62 Ohio St.2d 209,214.
 {¶ 17} The magistrate's decision was issued on March 10, 2005. Pursuant to Civ.R. 53(E)(3)(a), Nicholas had fourteen days or until March 24 to file objections. In Nicholas' appellate brief, he explains that he received the magistrate's decision "from his Attorney" on March 19, 2005. Nicholas' handwritten request for an extension of time is dated March 25, 2005, and was filed with the court on March 28, 2005. Nicholas does not explain why it was necessary for him to receive a physical copy of the decision before deciding to request additional time to file objections and why it was necessary for him to request additional time pro se, when Nicholas had retained counsel in Ohio. If Nicholas received his copy on March 19, he should have realized that objections needed to be filed by March 24. The magistrate's decision indicates in bold print that, in order to appeal the court's adoption of this decision, timely objections must be filed in accordance with Civ.R. 53(E)(3). For whatever reason, Nicholas did not begin to respond until March 25, after the time for filing objections had passed. In these circumstances, we cannot say that the court abused its discretion in denying Nicholas' motion for an extension of time. Cf. In re Thut, 11th Dist. No. 2004-L-138, 2005-Ohio-4647, at ¶ 20 (upholding the denial of a timely-filed motion for extension of time to file objections).
 {¶ 18} The first two assignments of error are without merit.
 {¶ 19} In the third and fourth assignments of error, Nicholas challenges the trial court's disposition of the property located at 15562 Claridon Troy Road. Nicholas argues that the magistrate erred by determining this property to be marital property and by failing to determine the current value of the property. It is well-settled that, by failing to timely object to the magistrate's decision, Nicholas is prohibited from challenging the trial court's adoption of these findings. Civ.R. 53(E)(3)(d) ("[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule"); State ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53-54, 2000-Ohio-269.
 {¶ 20} Nicholas also failed to provide the trial court with a transcript of the trial held before the magistrate, as required by Civ.R. 53(E)(3)(c). Although such a transcript has been made part of the record on appeal, we may not consider it "because it was not before the trial court when it issued its decision adopting the magistrate's decision." Thut, 2005-Ohio-4647, at ¶29.
 {¶ 21} Accordingly, the third and fourth assignments of error are without merit.
 {¶ 22} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas, denying Nicholas' motion for extensions of time and adopting the magistrate's decision, is affirmed.
Cynthia Westcott Rice, J., concurs, Donald R. Ford, P.J., concurs with a Concurring Opinion.
[1] There was no evidence introduced at trial regarding the current value of the property. In 1996, the property was appraised at $282,200. Sometime thereafter, part of a barn's roof located on the property collapsed, for which insurance paid $35,000. Paulina testified that Nicholas took about $28,000 of this money with him to Florida. Therefore, the magistrate ordered that $14,000 (half of $28,000) of Nicholas' proceeds from the sale of the property should also be given to Paulina.