[Cite as *Luke v. Luke*, 2013-Ohio-5841.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| THOMAS E. LUKE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0014** |
| DREAMA D. LUKE, DECEASED, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2004 DR 366.

Judgment: Affirmed.

*William P. McGuire*, William P. McGuire Co., L.P.A., 106 East Market Street, Suite 705, P.O. Box 1243, Warren, OH 44482-1243 (For Plaintiff-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Thomas E. Luke, appeals from the January 17, 2013 judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant was married to appellee, Dreama D. Luke, on December 18, 1976, and the couple divorced on August 26, 2005. At that time, a Qualified Domestic Relations Order ("QDRO") was entered, which awarded a portion of appellant's pension to appellee. Appellee died in July 2012. Thereafter, appellant moved the trial court for interpretation of the QDRO seeking reversion of appellee's pension allocation to appellant. The trial court adopted the magistrate's finding that the portion of appellant's pension awarded to

appellee in the QDRO did not revert back to appellant upon appellee's death and entered judgment accordingly. On appeal, appellant argues he was denied the opportunity to object to the magistrate's findings. For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} Appellant's first assignment of error states:

> The trial court committed prejudicial error and abused its discretion in not following procedural due process to permit the appellant/plan participant to object to the magistrate's report dated 01/14/13, when the trial court entered judgment and mailed both the magistrate's report and its own decision of 01/17/13 which violated Ohio Rules of Civil Procedure, Civil Rule 53(E)(1) and (3) requiring magistrate's decisions to be mailed to the parties allowing 14 days to the parties to object to the magistrate's decision; and Civil Rule 53(E)(4)(b) for the trial court to hold a hearing on the objections to the magistrate's decision.

{¶3} A trial court's adoption of a magistrate's decision in no way interferes with the parties' opportunity to object to the magistrate's findings. The trial court is specifically empowered to adopt a magistrate's findings during the period for timely objections. Civ.R. 53(D)(4)(e)(i).[1] Doing so does not preclude the parties from raising objections: "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(3)(b)(i). If the trial court adopts a magistrate's decision during the parties' 14-day window to timely object, an objection operates as an automatic stay of execution of the judgment until the court addresses the objection. Civ.R. 53(D)(4)(e)(i).

{¶4} Thus, appellant was free to object and seek a hearing even after the trial court adopted the magistrate's decision. However, appellant failed to object or seek a

---

1. We note that the former provisions of Civil Rule 53(E) are now addressed in Civil Rule 53(D).

hearing within the prescribed time. Accordingly, appellant's first assignment of error is without merit.

{¶5} For ease of discussion, we address appellant's remaining assignments of error in a consolidated fashion. Appellant's second and third assignments of error state:

> [2.] The trial court committed prejudicial error in adopting the magistrate's decision which held that appellant waived the right of survivorship and/or reversion when the pension plan administrator unilaterally after acknowledging the survivorship nature of the account, required appellant to respond to the plan administrator's inquiry.

> [3.] The trial court committed prejudicial error that as a matter of fact and law in its determination that the Qualified Domestic Relations Order was not in the nature of a survivor annuity which by its terms allowed for survivorship and/or reversion to the plan participant/appellant upon the death of the alternate payee.

{¶6} Appellant's second and third assignments of error raise objections to the trial court's adoption of the magistrate's decision. By failing to timely object to the magistrate's findings below, however, appellant has waived all but plain error on appeal. Civ.R. 53(D)(3)(b)(iv). Regarding plain error, the following standard of review was announced by the Supreme Court of Ohio in *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

{¶7} With this highly-deferential standard of review in mind, we turn to the merits of appellant's second and third assignments of error.

3

{¶8} Appellant's second assignment of error contends the trial court erred in adopting the magistrate's finding that appellant waived his reversionary interest. However, the magistrate's decision was not based on a finding of waiver. The magistrate found the language of the QDRO did not contain the reversion provision appellant sought to enforce. Thus, the trial court reached the merits on the issue. It did not base its decision on appellant's failure to respond to a pension company letter informing appellant that the QDRO did not contain a reversion provision. Because the trial court reached the merits, any language in the court's decision that suggests waiver had no effect on the outcome and, therefore, cannot rise to the level of plain error. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus.

{¶9} In his third assignment of error, appellant claims the trial court committed prejudicial error by adopting the magistrate's conclusions of law and fact regarding interpretation of the QDRO. The QDRO specifies that the pension would revert to appellant if appellee died prior to receiving benefits. It is silent regarding what would happen if appellee died after benefits commenced. The trial court determined there would be no reversion under that circumstance. Significant factual determinations were made by the magistrate, who, as the fact finder, was in the best position to make those findings. The trial court's conclusions were reasonable based on those findings given the language of the QDRO provisions. We do not find plain error in the trial court's conclusion.

{¶10} Accordingly, appellant's second and third assignments of error are without merit.

4

{¶11} Based on the opinion of this court, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.