[Cite as *In re E.B.*, 2014-Ohio-5764.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: E.B. | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2013-L-077** |
| | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2012 NG 01118.

Judgment: Affirmed.

*Gary S. Okin,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Appellee-Charlotte Tavoletti).

*L. Bryan Carr,* Carr, Feneli & Carbone Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH 44124 (For Appellant-Eric Sean Brown).

*Rebecca Castell,* 12690 Opalocka Drive, Chesterland, OH 44026 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Eric Brown ("father") appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, granting legal custody of E.B., age 9, to appellee, Charlotte Tavoletti, the child's maternal grandmother ("grandmother"). At issue is whether father failed to timely file objections to the magistrate's decision and whether the trial court committed plain error in granting custody of the child to grandmother. For the reasons that follow, we affirm.

{¶2}   E.B. is the son of grandmother's daughter, Dana Tavoletti, and father. Since E.B.'s birth, he has lived with his mother and grandmother at grandmother's home.   On June 19, 2012, E.B.'s mother died due to a drug overdose.   On July 3, 2012, grandmother filed a complaint for legal custody; to establish that E.B. was a neglected and dependent child; and for temporary emergency custody of E.B.   On that day the court entered an order granting emergency ex parte temporary custody to grandmother; ordered father to return E.B. to her; and ordered alternating weekend visitation to father during the pendency of this matter.   On July 13, 2012, the court appointed Attorney Rebecca Castell as E.B.'s guardian ad litem.

{¶3}   Father filed an answer, requesting custody and an emergency hearing. Subsequently, counsel agreed to waive that hearing and, instead, opted to have the complaint set for trial as soon as possible.

{¶4}   The case was set for trial on November 9, 2012.   However, father's attorney filed a notice of withdrawal, citing father's failure to meet with him to prepare his defense.

{¶5}   On November 2, 2012, the guardian filed her report recommending that grandmother be granted legal custody of E.B.

{¶6}   On November 7, 2012, father filed a pro se emergency request for continuance, claiming E.B. was "under imminent danger" and that he was "strongly opposed" to the guardian ad litem due to "her biased and unfair tendencies."   He also requested time to retain substitute counsel.   The court granted the continuance and set the matter for pretrial.

{¶7} Father failed to appear for the pretrial. After several additional continuances at father's request, the case proceeded to trial before the magistrate on April 25, 2013. Before trial, grandmother dismissed the count for neglect and the case proceeded on grandmother's request for legal custody and to establish dependency.

{¶8} On June 21, 2013, the magistrate issued his decision. The magistrate found that grandmother did not prove E.B. was dependent because it was not shown that father's homelessness had an adverse effect on E.B. Further, the magistrate found that because the guardian's recommendation was based on her finding of dependency and a best-interest analysis, rather than an unsuitability analysis, the magistrate discounted the guardian's report. Applying an unsuitability analysis, the magistrate awarded custody to grandmother. The magistrate found that father was not a suitable parent. In support, the magistrate found that: (1) father had abandoned the child and that (2) placing the child in father's custody would be detrimental to the child.

{¶9} The magistrate made extensive findings that supported these conclusions. Specifically, the magistrate found that, since E.B.'s birth, his mother was incapable of caring for him due to her drug and alcohol abuse. Despite these circumstances, father never sought an order for custody. Mother tried to encourage father to spend more time with E.B., but father's contact was consistently minimal. Father only saw E.B. by stopping over a few times a month and on some holidays, but he never took E.B. overnight. Moreover, father never paid court-ordered support for E.B. Consequently, the magistrate found that grandmother has been E.B.'s sole caregiver since his birth.

{¶10} The magistrate also found that father was evasive and uncooperative with the guardian throughout these proceedings. Father refused to answer her questions

3

when she confronted him about misrepresentations he made to her about his employment and contact with E.B. Father failed to meet with her for a home visit despite her repeated efforts. When he finally met with her, he railed at her in front of the child and refused to cooperate with her investigation. He also instructed E.B. not to cooperate with her.

**{¶11}** The magistrate noted that, as a result of father's sentence for felony non-support in Franklin County, he received a suspended sentence conditioned on his maintaining employment. Father is not employed and thus he could be incarcerated at any time.

**{¶12}** The magistrate found that father has filed inconsistent pleadings under oath in multiple jurisdictions misrepresenting his address, employment, and homeless status in efforts to evade his multiple child-support orders. The magistrate found that father is engaged in a "web of deceit" to keep one step ahead of the various child support enforcement agencies attempting to enforce their support orders against him. The magistrate found that father's false representations in conjunction with father's failure to cooperate with the guardian raise serious issues concerning father's suitability as a custodian for E.B.

**{¶13}** The magistrate found that father has never provided suitable parenting for E.B. He has not substantially been involved in the child's life. He has never provided for the child. He has stood the child up on many occasions for planned events during the child's entire life.

**{¶14}** The magistrate found that grandmother has been the only source of stability in E.B.'s life. Mother's substance abuse made her dependent on grandmother

to support and care for E.B. Father did nothing to protect the child from mother's substance abuse. Father has not had a stable household and has consistently not worked for years.

{¶15} The magistrate found that both E.B.'s mother and father were not suitable parents. They abdicated their responsibility to grandmother, who has devoted her life to this child. The magistrate found that because mother was "a substance abuser" and "father abandoned the child," they created the situation in which grandmother is E.B.'s de facto custodian.

{¶16} The magistrate found that the previously cordial relationship between father and grandmother has soured. The magistrate noted that grandmother testified father asked her to participate in a scheme to obtain social security benefits by misrepresenting he and mother were together immediately before mother's death, but grandmother refused to participate. The magistrate found that "[t]he poisoning of that relationship already weighs heavily on the child."

{¶17} The magistrate found that E.B. is well-adjusted to his home where he has lived since birth, and that to grant custody to father, which would result in the removal of E.B. from his grandmother and his mother's relatives, "would be to his detriment."

{¶18} Father did not file objections to the magistrate's decision within the 14-day deadline set by Juv.R. 40. Instead, after the deadline passed, he moved for an extension of time to file objections. The trial court denied the motion, finding that Juv.R. 40 requires objections to be filed within 14 days of the filing of the decision and that the grounds specified by father did not support an extension.

**{¶19}** Thereafter, father filed a combined motion for reconsideration and a motion for leave to file preliminary objections. The court denied the motions, adopted the magistrate's decision as the order of the court, and ordered that legal custody of E.B. be awarded to grandmother.

**{¶20}** Father appeals, asserting two assignments of error. For his first assigned error, he alleges:

**{¶21}** "The Trial Court Erred in Denying Appellant's: (1) Motion for Extension of Time to file Objections to the Magistrate's Decision; (2) Motion for Reconsideration; and (3) Motion for Leave to File Preliminary Objections Instanter."

**{¶22}** Juv.R. 40(D)(3)(b)(i), regarding objections to a magistrate's decision, provides that "[a] party may file written objections to a magistrate's decision *within fourteen days of the filing of the decision * * *.*" (Emphasis added.)

**{¶23}** Moreover, Juv.R. 40(D)(3)(b)(iii) provides: "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *. * * * The objecting party shall file the transcript * * * with the court within thirty days *after filing objections * * *.* If a party files timely objections prior to the date on which a transcript is prepared, *the party may seek leave of court to supplement the objections.*" (Emphasis added.)

**{¶24}** As the Sixth District recently stated in *H.H. v. J.L.*, 6th Dist. Lucas No. L-12-1217, 2013-Ohio-4522, "Juv.R. 40(D)(3)(b)(iii) requires that a party objecting to a magistrate's factual finding submit a transcript * * * to the court within thirty days *after filing objections.*" (Emphasis added.)

6

{¶25} Thus, Juv.R. 40 provides that a party objecting to a magistrate's decision may file his or her objections within 14 days of the filing of the decision, and shall file the transcript within 30 days after filing his or her objections. Further, the rule provides that if the objecting party files timely objections before the transcript is prepared, he or she may seek leave of court to supplement the objections. As a result, the fact that the transcript is not yet prepared is no excuse for failing to timely file objections within 14 days. In fact, the rule contemplates that the objections are to be filed within 14 days of the filing of the magistrate's decision and that the transcript is to be filed within 30 days after the objections are filed. If the party chooses to supplement his or her objections based on the transcript, he or she may seek to supplement his or her timely-filed objections.

{¶26} Further, Juv. R. 40(D)(5), regarding extensions of time for filing objections to a magistrate's decision, provides: "For good cause shown, the court shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision."

{¶27} This court has held that the trial court has broad discretion in determining whether to grant a motion for an extension of time to file objections to a magistrate's decision. *In re Estate of Thut*, 11th Dist. Lake No. 2004-L-138, 2005-Ohio-4647, ¶12, 18. Thus, a trial court's decision to grant or deny such motion will be reversed on appeal only for an abuse of discretion. *Id.*

{¶28} The only reason offered by father in support of his motion for extension was that the court reporter must transcribe the hearing and it will take "some time" for her to do so.

{¶29} With respect to the kind of reasons that will support a finding of good cause for an extension to file objections, Juv. R. 40(D)(5) provides that an extension would be warranted where the clerk fails to timely serve the party seeking the extension with the magistrate's decision so that he is unable to file objections within the 14-day limit. Thus, in order to establish good cause, the objecting party must show that he or she was prevented from timely filing the objections themselves. *In re L.P.R.*, 11th Dist. Lake No. 2010-L-144, 2012-Ohio-1671, ¶45. In *L.R.P.*, this court, in affirming the trial court's denial of the appellant's motion for extension to file objections to the magistrate's decision, stated: "Appellant did not demonstrate the existence of *circumstances that prevented her from timely filing objections to the magistrate's decision.*" (Emphasis added.) *Id.* at ¶45.

{¶30} Here, father conceded in his motion for extension that he received the magistrate's decision before June 28, 2013. The magistrate's decision was filed on June 21, 2013. Thus, the objections were due for filing on July 5, 2013. As a result, father received the magistrate's decision at least seven days before the 14-day deadline to file his objections. He was therefore not prevented from timely filing objections to the magistrate's decision.

{¶31} Thus, the reason offered by father, i.e., that the court reporter must transcribe the hearing, does not support a finding of good cause because Juv.R.40(D) does not require the transcript to be prepared before objections are filed. As noted above, the rule provides that objections are to be filed within 14 days from the date the magistrate's decision is filed and the transcript is to be filed within 30 days *after* the

objections are filed. As a result, the trial court did not abuse its discretion in denying father's request for an extension.

**{¶32}** Father's first assignment of error is overruled.

**{¶33}** For his second assigned error, father contends:

**{¶34}** "The Trial Court Erred in Adopting the Magistrate's Decision."

**{¶35}** In a child custody proceeding between a parent and a non-parent, the trial court must find the parent unsuitable before awarding custody to the non-parent. *In re Perales*, 52 Ohio St.2d 89 (1977), syllabus. In making its determination as to the unsuitability of the parent, the non-parent must prove by a preponderance of the evidence that, as pertinent here, (1) the parent abandoned the child *or* (2) an award of custody to the parent would be detrimental to the child. *Id.* This court adopted the *Perales* standard in *Penna v. Rowe*, 11th Dist. Portage No. 2012-P-0026, 2012-Ohio-5442, ¶19-21.

**{¶36}** The phrase "detrimental to the child" is not defined by the Revised Code. However, Ohio courts have held that for an award of custody to a parent to be detrimental to the child, there must be serious problems with the unsuitable parent. *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶12.

**{¶37}** The trial court enjoys broad discretion in custody matters, and the court should be afforded the utmost respect. *Reynolds v. Goll*, 75 Ohio St.3d 121, 124 (1996). Moreover, the knowledge the trial court gains through observing the witnesses in the custody proceeding cannot be conveyed to the reviewing court by the printed record. *Id.* Consequently, absent an abuse of discretion, an appellate court will not reverse a trial court's determination in a child custody matter. *Davis v. Flickinger*, 77 Ohio St.3d 415,

9

416-417 (1997). That being said, the trial court's determination must be supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus; *Davis*, *supra*, at 418.

{¶38} Moreover, pursuant to Juv.R. 40(D)(3)(b)(iv), "a party shall not assign as error on appeal the court's adoption of *any factual finding or legal conclusion* whether or not specifically designated as a finding of fact or conclusion of law * * * unless the party has objected to that finding or conclusion * * *." (Emphasis added.)

{¶39} Father's second assignment of error raises objections to the trial court's adoption of the magistrate's decision. We review the trial court's adoption of the magistrate's decision for an abuse of discretion. *Fortney v. Willhoite*, 11th Dist. Lake No. 2011-L-120, 2012-Ohio-3024, ¶33. However, by failing to timely file objections to the magistrate's findings below, father has waived all but plain error on appeal. *Luke v. Luke*, 11th Dist. Trumbull No. 2013-T-0014, 2013-Ohio-5841, ¶6. In *Luke*, this court applied the following standard of review regarding plain error: "'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Id*. at ¶6, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶40} With this highly-deferential standard of review in mind, we now turn to the merits of father's arguments as set forth in his second assignment of error.

{¶41} First, father argues that grandmother failed to present any evidence of his unsuitability. As noted above, the trial court, in adopting the magistrate's decision,

10

found father unsuitable as a parent before awarding custody to grandmother. In support, the court found that both mother and father abdicated their responsibility to grandmother who had provided a stable home environment for E.B. since birth. The trial court adopted the magistrate's finding that placing E.B. in father's custody would be to his detriment.

{¶42} The magistrate included the following in his findings of fact: (1) during E.B.'s entire life, father left the child with mother knowing she was abusing drugs and alcohol and was unable to care for E.B.; (2) during that time father never sought custody of the child and never took him for even one night; (3) father never provided any financial support for the child, despite a court order requiring him to do so; (4) father has not been substantially involved in the child's life and has never provided suitable parenting for the child; and (5) father has no job and no income.

{¶43} In addition, the following evidence demonstrated that granting custody of E.B. to father would be detrimental to the child: (1) father is currently unemployed; (2) father's unemployment is a violation of his probation for his conviction of felony non-support and he is subject to arrest at any time; (3) father was hostile and threatening to the guardian in E.B.'s presence and instructed him not to cooperate with her or to answer her questions; (4) father repeatedly failed to pick up E.B. for outings after father had promised to take the child; (5) father has not had stable housing during E.B.'s entire life; (6) father has not worked for years and has no income other than welfare; and (7) father has destroyed his relationship with grandmother, the only source of stability in E.B.'s life.

11

{¶44} The facts of this case are quite similar to those in *In re Adams*, 9th Dist. Wayne No. 01CA0026, 2001 Ohio App. LEXIS 4831 (Oct. 31, 2001). In *Adams*, the Ninth District affirmed the trial court's finding that father was unsuitable where father was currently on probation; had not paid any child support for one year; had moved four to six times since the child's birth, "illustrating his inability to secure a stable living arrangement;" and was unable to maintain lasting employment. *Id.* at *4.

{¶45} Moreover, in *Creamer v. Stone*, 5th Dist. Delaware No. 02CA-F-08-039, 2002-Ohio-7047, the court held the fact that the mother had violated her probation was pertinent to the trial court's finding of unsuitability and detriment to the child if appellant was to have custody. *Id.* at ¶19-21. Therefore, father's status as a probation violator here is pertinent to the issue of his unsuitability as a parent.

{¶46} Ohio courts hold a parent's past conduct can be used to predict his future conduct. *E.g. In re Bishop*, 36 Ohio App.3d 123, 126 (5th Dist.1987) ("The unfitness of a parent * * * can be predicted by past history.") The conduct of father cited above in support of the magistrate's finding of detriment to E.B. was continuing in nature, and can properly be used to predict father's future behavior.

{¶47} Next, father argues the trial court did not independently review the magistrate's decision. However, father is incorrect because the trial court stated in its judgment adopting the magistrate's decision that it "reviewed the Magistrate's Decision filed June 21, 2013 and finds it to be proper in all respects."

{¶48} Father makes a series of arguments challenging the magistrate's factual findings. However, each of these arguments is waived as a result of father's failure to timely file objections and the transcript with the trial court.

12

{¶49}   Based on the foregoing analysis, we do not discern plain error in the trial court's judgment.  Moreover, even if we were not limited to a plain error analysis, father has failed to demonstrate that the trial court abused its discretion in awarding custody to grandmother.

{¶50}   Father's second assignment of error is overruled.

{¶51}   For the reasons stated in this opinion, the assignments of error lack merit and are overruled.  It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.