[Cite as *May v. Jarosz*, 2023-Ohio-511.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| DONALD R. MAY, JR., | **CASE NO. 2022-L-063** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Juvenile Division |
| TARA D. JAROSZ, | |
| Defendant-Appellant. | Trial Court No. 2020 CV 00575 |

**O P I N I O N**

Decided: February 21, 2023
Judgment: Affirmed

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Thomas J. Sacerich*, 8302 Yellowbrick Road, Mentor, OH 44060 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Tara D. Jarosz ("Ms. Jarosz"), appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, which denied her "Motion for Extension of Time to File Objections" after adopting a magistrate's decision establishing a child support order for her two minor children with appellee and obligor, Donald R. May, Jr. ("Mr. May").

{¶2} In her sole assignment of error, Ms. Jarosz contends the trial court erred when it denied her motion for an extension of time to file objections to the magistrate's decision due to the court reporter's delay in transcribing the hearing.

{¶3} After a thorough review of the record and relevant law, we find Ms. Jarosz's assignment of error to be without merit. Juv.R. 40 provides that objections are to be filed within 14 days from the date the magistrate's decision is filed and that the transcript is to be filed within 30 days *after* the objections are filed. If parties choose to supplement their objections based on the transcript, they may seek to supplement their timely-filed objections. Thus, the rule contemplates that objections will be filed prior to the transcript. In addition, Ms. Jarosz failed to make a showing of "good cause" since she failed to show she was prevented from timely filing the objections themselves.

{¶4} The judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

## Substantive and Procedural History

{¶5} The parties share two minor children, "C.M.," born July 20, 2015, and "C.G.M.," born April 22, 2018. In July 2020, Mr. May filed a complaint for the allocation of parental rights and responsibilities. Ultimately, in 2021, after a trial, the trial court adopted the magistrate's recommendation that the parties exercise shared parenting with a 50/50 split of time with each parent.

{¶6} Shortly thereafter, Mr. May filed a "Motion to Establish Child Support Order" to reflect the parties' shared parenting plan. After a trial, on May 3, 2022, the magistrate issued its recommendation based on the parties' testimony and a child support computation worksheet. More specifically, based upon the equal division of parenting time in the shared parenting plan, extraordinary costs associated with parenting time, and the income disparity between the parties, the magistrate found the amount calculated by the child support computation worksheet would be unjust, inappropriate, and not in the

2

best interest of the minor children. Thus, a further deviation was warranted. The magistrate recommended that the monthly child support order be set for Mr. May, as the obligor, at $215.33 per child, plus processing, a cash medical support obligation of $20.54 per child, plus processing, as well as health insurance coverage for both children. The judgment entry also notified the parties that they may file objections within 14 days pursuant to Juv.R. 40(D)(3).

{¶7} On the same day, the trial court independently reviewed the matter and adopted the magistrate's decision in full.

{¶8} Ms. Jarosz filed a "Motion for Extension of Time to File Objections" on May 17, requesting an extension of 45 days to file her objections to the magistrate's decision because the court reporter she retained would not be able to complete the transcript for at least 21 days, plus an additional ten days for her counsel to review the transcript and complete the objections.

{¶9} On June 10, the trial court denied Ms. Jarosz's motion, finding it not well-taken.

{¶10} Ms. Jarosz raises one error on appeal:

{¶11} "The Trial Court erred when it failed to extend time to object to the Magistrate's Decision."

**Standard of Review**

{¶12} This court has held that the trial court has broad discretion in determining whether to grant a motion for an extension of time to file objections to a magistrate's decision. *In re E.B.*, 11th Dist. Lake No. 2013-L-077, 2014-Ohio-5764, ¶ 27. Thus, a trial

3

court's decision to grant or deny such motion will be reversed on appeal only for an abuse of discretion. *Id.*

**{¶13}** An abuse of discretion may be found in a trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

**{¶14}** When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

### Juv.R. 40

**{¶15}** Juv.R. 40(D)(3)(b)(i), regarding objections to a magistrate's decision, provides that "[a] party may file written objections to a magistrate's decision *within fourteen days of the filing of the decision * * *.*" (Emphasis added.)

**{¶16}** Moreover, Juv.R. 40(D)(3)(b)(iii) provides, in relevant part: "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *. * * * The objecting party shall file the transcript * * * with the court within thirty days *after filing objections * * *.* If a party files timely objections prior to the date on which a transcript is prepared, *the party may seek leave of court to supplement the objections.*" (Emphasis added.)

**{¶17}** As our review of the record reveals, Ms. Jarosz filed her motion for an extension to file objections on the fourteenth day. In an apposite case, *In re E.B.*, *supra*, we explained that "Juv.R. 40 provides that a party objecting to a magistrate's decision

4

may file his or her objections within 14 days of the filing of the decision, and shall file the transcript within 30 days after filing his or her objections. Further, the rule provides that if the objecting party files timely objections before the transcript is prepared, he or she may seek leave of court to supplement the objections. *As a result, the fact that the transcript is not yet prepared is no excuse for failing to timely file objections within 14 days. In fact, the rule contemplates that the objections are to be filed within 14 days of the filing of the magistrate's decision and that the transcript is to be filed within 30 days after the objections are filed.* If the party chooses to supplement his or her objections based on the transcript, he or she may seek to supplement his or her timely-filed objections." (Emphasis added.) *Id.* at ¶ 25.

{¶18} Similarly, in *DePizzo v. Stabile*, 11th Dist. Trumbull No. 2006-T-0027, 2006-Ohio-6102, we found the circumstances of the case justified the denial of the appellant's motion for an extension of time where it was filed on the last day for filing objections, there was no indication that she was unable to obtain a transcript or file objections within the 14-day period, and she acknowledged that her objections would raise legal issues – not factual ones. *Id.* at ¶ 12. Thus, we determined that the appellant did not demonstrate the existence of circumstances that prevented her from timely filing objections to the magistrate's decision, aptly remarking that "[p]arties are not entitled to extensions of time merely because they have timely requested an extension." *Id.* at ¶ 13.

{¶19} Juv. R. 40(D)(5), regarding extensions of time for filing objections to a magistrate's decision, provides: "For good cause shown, the court shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party

5

seeking the extension with the magistrate's order or decision." Most fundamentally, "[i]n order to establish good cause, the objecting party must show that he or she was prevented *from timely filing the objections themselves.*" (Emphasis added.) *In re E.B.* at ¶ 29.

{¶20} A review of Ms. Jarosz's motion reveals her counsel's unsworn allegations that he retained the services of a court reporter who would not be able to complete the transcript for "at least another three (3) weeks per [his] phone conversation with her."

{¶21} Firstly, Ms. Jarosz's reasoning, i.e., that the court reporter must transcribe the hearing before she can file objections, does not support a finding of good cause because Juv.R. 40(D) does not require the transcript be prepared before objections are filed. *See In re L.P.R.*, 11th Dist. Lake No. 2010-L-144, 2012-Ohio-1671, ¶ 44, *abrogated on other grounds*, *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784 (Appellant's desire to not file objections until after she reviewed the transcript does not amount to "good cause" for an extension of time under Juv.R. 40(D)(5)).

{¶22} Secondly, Ms. Jarosz submitted no affidavits or evidentiary materials of any kind in support of her motion for an extension. *See Hasch v. Hasch*, 11th Dist. Lake No. 2007-L-127, 2008-Ohio-1689, ¶ 24 (The appellant was not entitled to an extension because there was no affidavit or other evidentiary materials in the record supporting the appellant's motion for an extension).

{¶23} In sum, the rule provides that objections are to be filed within 14 days from the date the magistrate's decision is filed, and the transcript is to be filed within 30 days *after* the objections are filed. Further, Ms. Jarosz failed to make a showing of "good

6

cause" for failing to timely file her objections. As a result, we cannot say the trial court abused its discretion in denying her motion for an extension.

{¶24} Finding Ms. Jarosz's sole assignment of error to be without merit, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-L-063