[Cite as *In re L.R.R.*, 2018-Ohio-1446.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| L.R.R., DEPENDENT CHILD | : | |
| | | **CASE NO. 2017-P-0060** |
| | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2015 JCC 690.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Brandon J. Wheeler*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee, Portage County Department of Job and Family Services).

*Gerrit M. Denheijer*, Guilitto Law Office, L.L.P., 222 West Main Street, P.O. Box 350, Ravenna, OH 44266 (For Appellant, Jerica M. Hixon).

DIANE V. GRENDELL, J.

{¶1} Appellant, Jerica Hixon, appeals from the judgment of the Portage County Court of Common Pleas, Juvenile Division, granting legal custody of her son, L.R.R., to Stacey and Gregory Bond, and denying her request to grant an extension of temporary custody to appellee, Portage County Department of Job and Family Services (PCDJFS). The issue to be determined in this case is whether the trial court abused its discretion by failing to find that the grant of temporary custody to PCDJFS should be extended. For the following reasons, we affirm the judgment of the lower court.

**{¶2}** Hixon is the mother of L.R.R., born on March 3, 2015. L.R.R.'s father is Kenneth Roosa.

**{¶3}** On August 12, 2015, PCDJFS filed a Complaint alleging that L.R.R. was abused, neglected, and dependent. The Complaint asserted that L.R.R. was present during a domestic violence incident between Roosa and Hixon, who were engaged. It also alleged that police officers had found them living together in violation of a temporary protection order.

**{¶4}** Following an adjudicatory hearing, the court issued a September 21, 2015 Journal Entry finding L.R.R. to be dependent, based on concerns with mental health and substance abuse, family dynamics, and "failure to protect." L.R.R. was placed into the interim pre-dispositional custody of Hixon with protective supervision granted to PCDJFS. Following a dispositional hearing, the court continued the custody with supervision and a case plan was adopted.

**{¶5}** PCDJFS filed a Notice of Emergency Removal on November 4, 2015. Pursuant to the Notice, the Portage County Sheriff's Office ordered the removal of L.R.R. on November 3, 2015, following a report of domestic violence between Roosa and Hixon, at which time they both smelled strongly of alcohol. On November 6, 2015, a Motion to Modify Dispositional Order and Case Plan was filed. On February 18, 2016, the trial court issued a Journal Entry granting temporary custody to PCDJFS.

**{¶6}** PCDJFS filed a Motion for Six-Month Extension of Temporary Custody on July 7, 2016. On the same date, it filed a Motion for Adoption of Permanency Plan, which set forth an alternative goal of granting legal custody to L.R.R.'s relatives, Stacey and Gregory Bond, with whom he had been living since November 3, 2015. In an

2

August 26, 2016 Journal Entry, an extension of temporary custody was granted to PCDJFS.

{¶7} On December 27, 2016, PCDJFS filed Motions for Change of Custody and to Terminate Case, requesting that legal custody of L.R.R. be granted to the Bonds.

{¶8} Hixon filed a Motion for Six Month Extension of Temporary Custody on January 11, 2017, requesting that a second extension of custody be granted to PCDJFS since she had made substantial progress on the case plan.

{¶9} Patricia Pierson, L.R.R.'s paternal grandmother, filed a Motion to Intervene and Motion for Legal Custody on February 13, 2017. She was joined as a party.

{¶10} A hearing was held before the court on April 14 and May 15, 2017, at which the following pertinent testimony was presented:

{¶11} Kaleigh Wallace was the PCDJFS caseworker for L.R.R. and his family and has worked with Hixon and Roosa on their case plans. Regarding Hixon's progress, Wallace testified that Hixon did complete a required parenting evaluation but cancelled parenting class appointments. She completed a drug and alcohol assessment but did not follow through with recommended treatment and was discharged from the Town Hall II treatment program due to "no-shows." She was also discharged from counseling services with a Coleman mental health provider for "no shows." Hixon tested positive for THC on several occasions, although she had not had a positive test since October 2016.

{¶12} According to Wallace, Hixon attended some required counseling appointments but was discharged in September 2016 due to "several no-shows." Hixon

3

is unemployed and has had inconsistency with housing, had not demonstrated an ability to obtain her own housing successfully, and was living with a boyfriend at the time of the hearing. That house could be made suitable for a child but currently does not have a bed or bedroom for L.R.R. Hixon did frequently attend visitation with L.R.R. but missed 14 of 49 visits.

{¶13} Wallace was asked whether it would be possible for Hixon to complete recommendations from her assessment, including counseling and drug screens, before the sunset date of August 15, 2017. Wallace replied that part of the evaluation was "being sober for four months" so she would not be able to complete that requirement. She believed some other parts, such as parenting classes, could possibly be completed during that time.

{¶14} Wallace testified that after L.R.R. was removed from Hixon's custody on November 3, 2015, he was placed with Stacey and Gregory Bond. Stacey is Hixon's cousin. Wallace testified that both the Bonds and Pierson would be suitable custodians and have bonded with L.R.R., although she expressed some concerns with the fact that the violation of a temporary protection order took place at Pierson's home. Given her belief that L.R.R. could not be returned to either Roosa's or Hixon's custody, Wallace recommended the Bonds be granted legal custody.

{¶15} Stacey Bond, a registered nurse, testified that L.R.R. has lived with her family since he was eight months old, after his removal from Hixon's custody, and her family is bonded with him. She had no concerns regarding visitation between L.R.R. and Hixon.

{¶16} Roosa and Pierson testified that Pierson should be granted custody, as

4

she is bonded with L.R.R., would be able to care for him, and would facilitate visitation between L.R.R. and all family members.

{¶17} In a Guardian Ad Litem Report filed on May 11, 2017, the GAL opined that it is in L.R.R.'s best interest to be placed in the legal custody of the Bonds, although he should continue his relationship and visitation with Roosa and Pierson.

{¶18} The court issued a Journal Entry on July 10, 2017, granting legal custody to the Bonds and providing visitation for Roosa, Hixon, and Pierson. It also found that there was no statute or rule providing for Hixon to move for an extension of temporary custody and overruled her motion. It found that "neither parent has completed the Case Plan or that either parent is ready to care or provide for or protect L.R.R."

{¶19} Hixon timely appeals and raises the following assignment of error:

{¶20} "The Trial Court abused [its] discretion in not considering an extension of temporary custody as such a disposition is authorized under statute and the Court has discretion to maintain a temporary custody disposition if it is in the best interests of the child."

{¶21} Hixon argues that the trial court abused its discretion by not considering an extension of PCDJFS' temporary custody which would allow her additional time to complete the requirements of the case plan.

{¶22} "[A]bsent an abuse of discretion, an appellate court will not reverse a trial court's determination in a child custody matter." *In re E.B.*, 11th Dist. Lake No. 2013-L-077, 2014-Ohio-5764, ¶ 37. "An abuse of discretion implies that the trial court acted in a way that was unreasonable, arbitrary, or unconscionable." *In re Marriage of Kline*, 11th Dist. Lake No. 2016-L-009, 2016-Ohio-7159, ¶ 9, citing *Blakemore v. Blakemore,* 5

5

Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} As an initial matter, Hixon correctly recognizes that this court has held that the statutes dictating the procedure for requesting extensions of PCDJFS' temporary custody pursuant to R.C. 2151.353(A)(2) do not provide a procedure for another party to seek an extension of custody on PCDJFS' behalf. *In re A.C.B.*, 11th Dist. Portage Nos. 2016-P-0065 and 2016-P-0067, 2017-Ohio-4127, ¶ 31-34, citing R.C. 2151.415(D)(1), (D)(2) and (F). While R.C. 2151.415 allows PCDJFS to seek two separate six-month extensions of temporary custody, it does not provide such a procedure for parents or other parties. In the absence of any argument to the contrary, the trial court correctly denied Hixon's Motion for Six-Month Extension as it is apparent she was seeking the six-month extension provided for by R.C. 2151.415.

{¶24} Hixon argues, however, that the trial court had authority to extend custody, and/or she was permitted to seek the extension of such custody, under R.C. 2151.417. R.C. 2151.417(C) provides for a trial court to hold review hearings in matters where a dispositional order has been issued. Pursuant to R.C. 2151.417(G)(3)(c), following a review hearing, a court can take various actions, including, "[i]f the child cannot or should not be returned home with an order for protective supervision," making a determination that "the agency currently with custody of the child should retain custody or * * * an individual should be given custody of the child."

{¶25} Presuming this statute applies to the facts of the present case and would provide the trial court an avenue to extend PCDJFS' temporary custody, it does not mandate such action. Hixon fails to demonstrate the court's determination that legal custody should be granted to the Bonds rather than temporarily retained by PCDJFS

6

was an abuse of discretion. It is evident from the record and the trial court's judgment that the court found there were no grounds to prolong PCDJFS' custody of L.R.R. It specifically found that "neither parent has completed the case plan or that either parent is ready to care or provide for or protect L.R.R." It also noted that the parents are "unsuitable."

{¶26} This finding is supported by the record. Wallace's testimony demonstrated that Hixon had not completed many of her case plan goals, including parenting courses, recommendations regarding mental health, and establishing suitable housing. Wallace also believed it would not even be possible to complete some of these goals before the sunset date, given that they required a period of demonstrated sobriety, as well as a time commitment to complete various sessions of treatment/counseling.

{¶27} Hixon provides little analysis in her brief to demonstrate otherwise, aside from a conclusory statement that it was "clear that appellant had made progress on her case plan" and that it was possible to complete her case plan objectives before the sunset date. It is evident the trial court disagreed, both by stating that she could not care for L.R.R. and by deciding to award legal custody to the Bonds. The court was well within its discretion and it was proper at this stage of the proceedings to grant legal custody to a suitable custodian, pursuant to PCDJFS' Motion for Custody and the applicable statutory authority. Under R.C. 2151.417(G)(3)(c), the statute cited by Hixon in support of her argument, the court can decide to give custody to an "individual," rather than returning the child to PCDJFS, which is what occurred here.

**{¶28}** Hixon also argues that the court could have granted an extension of custody to PCDJFS pursuant to R.C. 2151.353(F)(1), which provides that the trial court retains jurisdiction over a child, until he reaches the age of 18, when a dispositional order has been issued. Again, while this is an accurate statement of the statutory language, it does not provide any ground to find an abuse of discretion. The trial court's retention of jurisdiction does not amount to a requirement that it must extend PCDJFS' temporary custody when there is evidence that the parents have not met the case plan, will likely be unable to do so, and the court determines that it is in the best interest of the child for legal custody to be granted to another individual. *See In re Memic*, 11th Dist. Lake Nos. 2006-L-049, et al., 2006-Ohio-6346, ¶ 26 (in determining custody under R.C. 2151.353, the juvenile court "'should consider the totality of the circumstances, including, * * * the best interest factors set forth in R.C. 3109.04(F)'") (citation omitted).

**{¶29}** Hixon cites several cases for the proposition that courts have declined to hold parents lack standing to request extensions of custody to children's services. *E.g., In re E.T.*, 9th Dist. Summit No. 23017, 2006-Ohio-2413, ¶ 79-81; *In re T.G.*, 12th Dist. Warren Nos. CA2014-07-101 and CA2014-8-106, 2014-Ohio-5569, ¶ 28. We question the applicability of these cases to her primary argument that the trial court should have exercised its own discretion to extend custody. Regardless, as Hixon concedes, this court has previously found similar cases inapplicable, since they do not address the statutory basis for a parent seeking an extension of custody or determine the validity of filing such motions. *A.C.B.*, 2017-Ohio-4127, at ¶ 38. To the extent that Hixon argues they provide support for the general proposition that the lower court has "authority" to "entertain requests to maintain temporary custody to the agency," this does not address

the fact that the lower court's actions in the present matter did not constitute an abuse of discretion.

{¶30} Finally, to the extent that Hixon contends that it was implicit in the court's ruling that it did not consider whether it could independently extend PCDJFS' temporary custody, we emphasize that the court made it clear in its ruling that Hixon had not complied with the case plan. Its decision that an award of custody to the Bonds was appropriate after considering all of the best interest factors was an indication that it found that custody by PCDJFS was no longer warranted and, for the reasons discussed above, was not an abuse of discretion.

{¶31} The sole assignment of error is without merit.

{¶32} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Juvenile Division, granting legal custody of L.R.R. to the Bonds and declining to extend PCDJFS' temporary custody, is affirmed. Cost to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9