[Cite as *In re B.M.M.*, 2020-Ohio-4956.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| B.M.M., O.K.M., M.M.M., II, AND B.M.M. | : | |
| | | **CASE NOS.  2020-P-0035** |
| | : | **2020-P-0036** |
| | | **2020-P-0037** |
| | : | **2020-P-0038** |
| | : | |

Civil Appeals from the Portage County Court of Common Pleas, Juvenile Division, Case Nos. 2018 JCC 872, 2018 JCC 873, 2018 JCC 874, and 2018 JCC 875.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee, Portage County Department of Job and Family Services).

*Gerrit M. Denheijer*, Giulitto Law Office, LLC, 222 West Main Street, P.O. Box 350, Ravenna, OH 44266 (For Appellant, Rebecca Brodzenski).

*Rebecca R. Grabski*, 206 South Meridian Street, Suite B, Ravenna, OH 44266 (Guardian ad Litem).


MATT LYNCH, J.

{¶1}     Appellant, Rebecca S. Brodzenski, appeals the judgments of the Portage County Court of Common Pleas, Juvenile Division, granting appellee, Portage County Department of Job and Family Services', motions for legal custody of her four minor children.  For the following reasons, we affirm the decision of the court below.

{¶2}     On October 4, 2018, Portage Job and Family Services filed Complaints

alleging that the following juveniles, B.M.M. (dob 05/28/03), O.K.M. (dob 05/16/04), M.M.M. (12/10/05), and B.M.M. (dob 04/13/07), the children of Rebecca Brodzenski and Mark Mueller, were neglected, abused, and/or dependent. On the same date, the children were committed to the interim pre-dispositional custody of Portage Job and Family Services.

{¶3} On November 16, 2018, the children were adjudicated dependent.

{¶4} On December 6, 2018, Portage Job and Family Services was granted temporary custody of the children.

{¶5} On July 29, 2019, Portage Job and Family Services filed Motions for Change of Custody and to Terminate Case, requesting the juvenile court to change the placement of B.M.M., M.M.M., and B.M.M. from the temporary custody of Job and Family Services to the legal custody of Dwight and Kelly Brodzenski, and the placement of O.K.M. to the legal custody of Terry and Jessica Danner.

{¶6} On October 31, 2019, a hearing before a magistrate was held on Portage Job and Family Services' Motions.

{¶7} On November 15, 2019, the magistrate issued her Decision, granting Portage Job and Family Services' Motions for Change of Custody and to Terminate Case.

{¶8} On December 2, 2019, Brodzenski filed Objections to the Magistrate's Decision and, on February 13, 2020, Supplemental Objections.

{¶9} On February 20, 2020, the juvenile court overruled Brodzenski's Objections. The court made the following relevant findings of fact and conclusions of law:

> a.) The Magistrate found in the best interest of the children that [B.M.M., M.M.M., and B.M.M.] shall be placed in the Legal Custody of Dwight and Kelly Brodzenski (Dwight is mother's brother) and [O.K.M.] shall be placed in the Legal Custody of Terry and Jessica

2

Danner (Jessica is mother's sister). Mother asked for a 6-month extension of the case plan so she could attempt to complete the same;

b.) An extension of 6-months for temporary custody may be made by application of PCDJFS or the Court. An extension of 6-months is within the discretion of the Court pursuant to Ohio Revised Code 2151.415(A)(6) and Juv.R. 14(B);

c.) [In] *In re: A.C.B. and M.M.B.*, 2017 WL 2427550, the 11th Appellate District held that the parents have no right to seek a 6-month extension;

d.) In this case the four children were removed at the time of mother's arrest. Mother was convicted of four (4) counts of child endangering and a count of weapons under disability. Mother had a prior drug conviction in 2009. Mother was subsequently convicted of drug violations in other counties. Mother and father had a history of drug and alcohol abuse which affected the children. Mother was the victim of father's domestic violent acts which affected the children. Father had sexually violated [O.K.M.] which greatly affected the children. Mother had disappointed the children repeatedly by swearing off alcohol and drugs and promising the children stability. However, mother repeatedly invited father back into the home where drugs and violence would cause instability and chaos. The children wanted mother to change but did not think or trust that she would;

e.) All the children, except [B.M.M. (dob 05/28/03)], wish to see their mother but not reside with her. Mother was in jail from October 18, 2018 to March of 2019 when she went to NEOCAP and was not released from NEOCAP until July 31, 2019, approximately 10 months. Mother has no driver's license, no stable or appropriate housing for the children, mother works part-time and had not completed domestic violence counseling at the time of hearing;

f.) Father has had no contact with the children. The children do not trust mother. Mother admitted "I drug them thru hell…"

g.) Mother's first objection on the 6-month extension is Overruled.

{¶10} On March 20, 2020, Brodzenski filed Notices of Appeal in each of the underlying cases. On appeal, she raises the following assignment of error:

[1.] The Trial Court abused its discretion in granting legal custody of the children to relatives where Mother established at trial that she

3

had made substantial progress on the case plan and reunification was likely if a six month extension was granted and that said extension was in the best interests of the children.

{¶11} "A trial court's decision to grant or deny an extension of temporary custody to the agency is discretionary." *In re C.N.L.*, 11th Dist. Lake No. 2020-L-036, 2020-Ohio-3771, ¶ 45; *In re L.R.R.*, 11th Dist. Portage No. 2017-P-0060, 2018-Ohio-1446, ¶ 1. "R.C. 2151.415(D)(1) authorizes the trial court to extend temporary custody for [up to] six months only if it finds, by clear and convincing evidence, (1) that such an extension is in the best interests of the child, (2) that there has been significant progress on the case plan, and (3) that there is reasonable cause to believe that the child will be reunified with a parent or otherwise permanently placed within the period of extension." (Citation omitted.) *C.N.L.* at ¶ 46.

{¶12} Brodzenski argues that the juvenile court erred by not granting an extension on its own motion. She asserts that she has made significant progress on her case plan and that she is case-plan compliant. The magistrate similarly acknowledged that Brodzenski has "made steady progress on her case plan," despite being "delayed in starting to address her case plan by the fact she had to address her criminal cases," and that she "might be in a position in six months to have completed her requirements under the case plan."

{¶13} Brodzenski further argues that it would be in the best interests of the children for her to have more time to work toward reunification. Here, the magistrate disagreed. The magistrate noted that Brodzenski "has not yet engaged in counseling with the children" and that "there is no evidence to establish that the children would be trusting of her and ready to return to their mother's custody" even if she were in a position to

4

regain custody in six months. In addition to the children's abiding mistrust of Brodzenski's stability, the magistrate noted that the children are adapted to and are thriving in their current placements which allows her to enjoy visitation with them. The magistrate's conclusion that an extension of temporary custody would not be in the children's best interest was supported by the report and recommendation of the guardian ad litem.

{¶14} It is well-established in the case law that compliance with and/or progress on the case plan does not preclude a grant of legal custody. "A parent's case-plan compliance is relevant, of course, to the best-interest determination, but it is not dispositive." *In re A.K.*, 2d Dist. Montgomery No. 27575, 2017-Ohio-8100, ¶ 11. "The statutory best-interest factors may justify an award of legal custody to someone other than a parent, or even the termination of parental rights, despite a parent's completion of all case-plan objectives." *Id.*; *In re L.M.L.*, 11th Dist. Portage No. 2016-P-0069, 2017-Ohio-7451, ¶ 30 (rejecting "Mother's argument that because she completed the case plan objectives, legal custody of L.M.L. should not have been granted to a third party"); *In re L.T.*, 9th Dist. Summit Nos. 28788 and 28789, 2018-Ohio-1487, ¶ 12. In the present case, the issue is not whether the granting of legal custody was appropriate, but whether Brodzenski's progress on her case plan objectives compelled the juvenile court to extend temporary custody to Job and Family Services beyond the statutory termination date for final disposition of the case. Job and Family Services did not request such an extension. Brodzenski is not authorized to seek such an extension. And the juvenile court did not abuse its discretion by not granting such an extension on its own motion given the reasons set forth by the magistrate.

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas, Juvenile Division, granting Portage Job and Family Services legal custody of Brodzenski's minor children, are affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.